UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>EnergyNorth Natural Gas, Inc.</u>

    v.                          Civil No. 99-cv-049-JD

<u>Century Indemnity Company, et al.</u>

<u>PROCEDURAL ORDER</u>

     By procedural order dated May 31, 2005 (document no. 280), the court requested counsel to review the issue as to whether former defendant Westport Insurance Corporation would have any further role in this case or whether it has been terminated as a party defendant in all respects.  The plaintiff (document no. 282) and defendants LMI and Century (document no. 281) filed reports.

     By order dated September 23, 1999 (document no. 99), Westport was dismissed from this action with prejudice.  The parties have reported that it is unlikely that Westport could have any further involvement in this case in the future. Therefore, the court finds that there is no basis for the undersigned to recuse himself in this case.

     Plaintiff filed a motion to reschedule the trial in this matter at the first opportunity (document no. 269) and also filed a motion for a scheduling conference and for a trial date beginning on October 4, 2005 (document no. 283).  Defendants LMI

and Century responded to the objection with a suggestion that since defendant Utica Mutual Insurance Company has settled, Judge McAuliffe might no longer be precluded from hearing this case (document no. 285).  In response to the defendants' limited objection, the court issued a procedural order directing the plaintiff to file a response to the limited objection which the plaintiff has done (document no. 289).

The assignment of cases in this district, as in most districts, is done randomly.  In the opinion of the court, under the particular circumstances presented in this case, it would be inappropriate to review Judge McAuliffe's recusal since to do so would give the appearance that the random assignment policy was not being followed in this case.  Therefore, there will be no review of the current assignment.

The trial of this case is scheduled for Tuesday, November 1, 2005.

## CONCLUSION

Plaintiff's motion to reschedule trial at first opportunity (document no. 269) is granted.  Plaintiff's motion for a scheduling conference and to reschedule the trial to October 4, 2005, (document no. 283) is denied.

In the event that the trial date of November 1, 2005, is not feasible, then counsel shall confer with each other and with the deputy clerk to establish a trial date some time after November

1, 2005. If there is still a need for a conference with the court, then counsel may request the same and identify the issues which need to be addressed at such a conference.

    SO ORDERED.

                                                  _____
                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

July 28, 2005

cc:   Walter J. Andrews, Esquire
      Doreen F. Connor, Esquire
      Bruce W. Felmly, Esquire
      Robert P. Firriolo, Esquire
      Ruth S. Kochenderfer, Esquire
      Jante C. Santos, Esquire
      John L. Altieri, Esquire
      Edmund J. Boutin, Esquire
      Kevin E. Buchholz, Esquire
      William P. Lalor, Esquire
      Scott E. Levens, Esquire
      Lawrence A. Serlin, Esquire