UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>EnergyNorth Natural Gas, Inc.</u>

  v.            Civil No. 99-cv-049-JD
                 Opinion No. 2005 DNH 113
<u>Century Indemnity Company, et al.</u>

<u>O R D E R</u>

  EnergyNorth Natural Gas, Inc., ("ENGI") is seeking insurance coverage from its insurers, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("LMI") and Century Indemnity Company for ENGI's liability for property damage due to contaminated groundwater, soils, and river sediments around a former manufactured gas plant in Nashua, New Hampshire.  The defendants move for summary judgment on the grounds that provisions in their policies exclude coverage for damage to ENGI's property and that they are not obligated to cover costs incurred to prevent future property damage.  ENGI objects to summary judgment.

  The court previously addressed both of these issues in <u>EnergyNorth Nat. Gas, Inc. v. Am. Home Assurance Co.</u>, 2003 WL 21663646 (D.N.H. July 16, 2003).  In that case, ENGI sought insurance coverage from the same insurers for its liability for property damage at a manufactured gas plant site in Dover, New Hampshire.  The court ruled that "owned property" exclusions do

not bar coverage for liability for damage to property owned or controlled by someone other than the insured and that the New Hampshire Supreme Court would likely follow the majority of other courts in holding that those exclusions do not bar coverage for costs of remediating contaminated groundwater.  Id. at *11.  The court also noted the distinction under New Hampshire insurance law between costs of remediating and costs of preventing damage caused by contamination or pollution, but concluded that the case lacked a factual basis to apply that standard.  Id. at *11-*12.  Because the parties have not demonstrated that the law has changed since that decision, the same legal rulings apply in this case.

A.   "Owned Property" Exclusion

The defendants state that as of the time of their motion no remediation plan had been approved for the Nashua site and that they do not have evidence of costs for remediating specific parts of the Nashua site.  They ask for a declaration that their "owned property" exclusions bar coverage for costs "related to re-purchasing the property from Allied Gas, investigating or dismantling any of the former MGP structures located on the site property, or for remediating contamination in or around former MGP structures located on the site property."  Def. Mem. at 10.

ENGI responds that it is seeking coverage only for the costs of remediating contamination of the groundwater and sediments of the Nashua River.

The "owned property" exclusions do not bar coverage for costs of remediating contamination to the groundwater or the sediments of the Nashua River.  While it appears that ENGI is not seeking coverage for the costs of re-purchasing the property, it is not clear whether the coverage ENGI seeks includes costs of investigating or dismantling structures at the site or remediating contamination around those structures.  Further, whether those costs are covered or not depends on whether the costs were incurred for purposes of remediating contamination of the groundwater or the sediments of the Nashua River.  That cannot be determined based on the present record.

B.   Remediation or Prevention

As the court previously held, "costs of remediating contamination or pollution and related investigatory expenses are damages . . . [but] preventative costs, incurred to investigate and prevent future pollution or contamination, are not damages." EnergyNorth, 2003 WL 21663646 at *11.  The defendants acknowledge that the record does not include information as to "what remedial measures the NHDES will recommend."  Def. Mem. at 11.  Therefore,

3

they ask the court to rule that their policies "do not cover costs related to investigation and remediation measures that are preventative in nature." Id.  In the absence of a factual basis for applying the standard, the court declines to modify its previous ruling as to the damages rule under New Hampshire law.

## Conclusion

Century's motion to join the motion for summary judgment (document no. 200) is granted.  The defendants' joint motion for summary judgment (document no. 199) is denied.

SO ORDERED.

                                                                 _____
                                                                 Joseph A. DiClerico, Jr.
                                                                 United States District Judge

August 3, 2005

cc:   John L. Altieri, Esquire
      Walter J. Andrews, Esquire
      Edmund J. Boutin, Esquire
      Kevin E. Buchholz, Esquire
      Doreen F. Connor, Esquire
      Bruce W. Felmly, Esquire
      Robert P. Firriolo, Esquire
      Ruth S. Kochenderfer, Esquire
      William P. Lalor, Esquire
      Scott E. Levens, Esquire
      Jante C. Santos, Esquire
      Lawrence A. Serlin, Esquire