UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

EnergyNorth Natural Gas, Inc.

   v.                               Civil No. 99-cv-049-JD

Century Indemnity Company, et al.

O R D E R

EnergyNorth Natural Gas, Inc., ("ENGI") is seeking insurance coverage from its insurers, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("LMI") and Century Indemnity Company for ENGI's liability for property damage due to contaminated groundwater, soils, and river sediments around a former manufactured gas plant in Nashua, New Hampshire.  The defendants move to exclude any reference to the "Johns-Manville Site" during trial, contending that they learned for the first time in March of this year that ENGI intended to include costs pertaining to that site in this case.  ENGI objects to the defendants' motion.

ENGI alleged in its first amended complaint filed on June 23, 1999, that on August 10, 1998, it had received notice from the United States Environmental Protection Agency ("USEPA") that it was "a potentially responsible party" under CERCLA for contamination in the Nashua River at the "Nashua River Asbestos Site."  That site is the former location of a Johns-Manville asbestos plant.  The USEPA further notified ENGI that its

liability under CERCLA could require reimbursement of all of the response costs at the site, which were budgeted to be $2.6 million.  In November of 1998, the New Hampshire Department of Environmental Services ("NHDES") notified ENGI of its liability for contamination of the river at the Johns-Manville site and of the groundwater and other parts of the river.  ENGI sought insurance coverage for its liability under CERCLA as well as its liability pursuant to the directive of the NHDES.  ENGI attached copies of the USEPA and NHDES notices to the first amended complaint.

    The parties' joint "Report of Parties' Planning Meeting," filed on August 26, 1999, (document no. 95), which was approved and adopted as the pretrial scheduling order in this case, refers to the "Nashua River Asbestos Superfund Site."  The defendants stated that "this case may be complicated by a second environmental matter due to the fact that the USEPA is addressing the remediation of both asbestos and MGP tar found in the Nashua River . . . [that] may require the Defendants to conduct discovery into the Superfund Site in relation to the MGP Site."  The defendants also stated that the complications caused by the Superfund Site would require a minimum of two years of fact discovery.  In its responses to the defendants' interrogatories dated July 14, 2000, ENGI stated that it was seeking a declaration that the defendants' insurance policies provide coverage for damage to groundwater and other property for which

ENGI is liable pursuant to directives from the USEPA and NHDES.

ENGI filed a second amended complaint on July 12, 2002, that includes fewer allegations pertaining to Johns-Manville and the Superfund Site and did not append the notices from the USEPA or the NHDES.  In the second amended complaint, ENGI alleged that an investigation by the USEPA at the Johns-Manville site discovered coal tar in the Nashua River and that it received a notice of potential liability from the USEPA on August 10, 1998.  ENGI also alleged that pursuant to the USEPA directive, it was legally obligated to pay damages for property damage covered by the defendants' insurance.  In the counts seeking declaratory judgments, ENGI alleged that the defendants are obligated "to provide ENGI with a defense and indemnity for responding to the directive of NHDES and for any and all future expenses incurred by ENGI in performing response actions at or near the Site." 2d Am. Comp. ¶¶ 50 & 53.  ENGI requested a declaratory judgment that the defendants were obligated "to provide ENGI with a defense and/or indemnity for expenses ENGI has incurred or may incur by its performance of response actions at and around the Site."  Id. at 13.

The defendants contend that ENGI has not alleged a claim relating to the Johns-Manville site.  They also contend that they lacked notice of such a claim because that site was not mentioned in depositions of ENGI officers or in the report provided by ENGI's expert, Dr. Neil S. Shifrin.  They further charge that

3

ENGI failed to provide discovery pertaining to that site.

The defendants are correct that the second amended complaint superseded the previous complaint, so that the first amended complaint, which includes more allegations pertaining to the Johns-Manville site, no longer has any function in this case. Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003). Despite the brevity of its allegations in the second amended complaint, ENGI did claim that it was liable for damages pursuant to the USEPA directive. Since that notice was part of the record in the case, having been appended to the first amended complaint, the defendants were on notice of its substance. Further, although ENGI did not specifically claim coverage for the USEPA liability as part of its declaratory judgment claims, it did seek a declaration of coverage for other expenses incurred by ENGI, beyond those required under the NHDES directive. Therefore, ENGI alleged a claim for coverage of its liabilities that could include liability under the USEPA directive.

The defendants paraphrase the deposition testimony of ENGI officers to suggest that ENGI waived a claim for coverage of damages related to the Johns-Manville site, but they did not submit copies of the depositions they reference. Without the actual testimony, the court cannot assess whether those depositions would be a basis for excluding claims for the Johns-Manville site damages. Similarly, the defendants have not explained what discovery they sought and were denied that is

pertinent to this issue.  See Fed. R. Civ. P. 37(c).

Dr. Shifrin's alleged failure to address the issue of property damage at the Johns-Manville site does not necessarily preclude ENGI from claiming coverage for it.  An expert witness is limited, however, to those opinions that he has properly disclosed.  The court lacks a sufficient record to determine whether any such opinion was properly disclosed and, if not, whether expert testimony is necessary to support the claim.  Therefore, that part of the defendants' argument cannot be resolved in the context of the present motion.

## Conclusion

For the foregoing reasons, the defendants' motion to exclude reference to the Johns-Manville site (document no. 225) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 4, 2005

cc:  John L. Altieri, Esquire
     Walter J. Andrews, Esquire
     Edmund J. Boutin, Esquire
     Kevin E. Buchholz, Esquire
     Doreen F. Connor, Esquire
     Bruce W. Felmly, Esquire
     Robert P. Firriolo, Esquire
     Ruth S. Kochenderfer, Esquire
     William P. Lalor, Esquire
     Scott E. Levens, Esquire
     Jante C. Santos, Esquire
     Lawrence A. Serlin, Esquire