UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


EnergyNorth Natural Gas, Inc.

    v.                                  Civil No. 99-cv-049-JD

Century Indemnity Company, et al.


O R D E R

     EnergyNorth Natural Gas, Inc., ("ENGI") is seeking insurance coverage from its insurers, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("LMI") and Century Indemnity Company for ENGI's liability for property damage due to contaminated groundwater, soils, and river sediments around a former manufactured gas plant in Nashua, New Hampshire.  The defendants move to exclude use of an order issued in 1999 by the New Hampshire Public Utilities Commission on ENGI's "Petition for Approval of Recovery Mechanism for Costs Related to Clean-up of Manufactured Gas Sites," (PUC Order 23,303).  ENGI moves to allow the PUC order.

     A month after filing their motion and two weeks after filing their objection to ENGI's motion, the defendants filed an appendix of exhibits to supplement their objection.  They explained that they were filing the exhibits in anticipation of a hearing, which was then scheduled on the pending motions.  ENGI objects to the supplemental exhibits.  Although the supplemental exhibits may have been filed in a procedurally irregular manner,

given their purpose to augment the anticipated hearing, the exhibits are not necessarily beyond the scope of the court's consideration of the parties' motions.

At this stage in the proceedings, however, a hearing does not appear to be necessary. Instead, the question of the admissibility of the PUC order can be considered based upon the parties' motions and responses, with some clarification. The defendants argue that because the New Hampshire Supreme Court found that the Concord plant's disposal of wastes into the Tar Pond was "inherently injurious," see EnergyNorth Nat. Gas, Inc. v. Cont'l Ins. Co., 146 N.H. 156 (2001), after the PUC had found that the plant had operated "prudently," the PUC's finding is inapposite to the issue of insurance coverage. The defendants also argue that the PUC's finding in order 23,303 was not based on sufficient factual analysis to meet the requirement that the evidence be more probative than unfairly prejudicial.

In reviewing the filings, the court notes that it is not clear whether the finding in PUC Order 23,303, that the gas plants' storage and disposal actions were prudent, pertains to the Concord plant or only to the other New Hampshire plants operated by ENGI's predecessors. Apparently, the PUC considered recovery mechanisms for costs pertaining to the Concord plant in other, previously issued orders in separate proceedings. The only previous PUC order submitted by the defendants, PUC Order

21,042, states that the Commission found that the contents of the gasholder at the Concord plant was "consistent with normal and sound operations of a manufactured gas facility" and found no "imprudence."  Since the court considered intentional dumping of wastes into the Tar Pond in Continental, not the contents of the gasholder, the PUC order and the court's decision would not appear to address the same issue.

In lieu of a hearing on these motions, the defendants shall file a memorandum, not to exceed fifteen pages, addressing the issues raised in the motions and objections as elucidated by the exhibits.  That memorandum shall be filed **on or before August 19, 2005**.  ENGI will have ten days to file its response, also limited to fifteen pages.

SO ORDERED.

                                                    _____
                                                    Joseph A. DiClerico, Jr.
                                                    United States District Judge

August 5, 2005

cc:   John L. Altieri, Esquire
      Walter J. Andrews, Esquire
      Edmund J. Boutin, Esquire
      Kevin E. Buchholz, Esquire
      Doreen F. Connor, Esquire
      Bruce W. Felmly, Esquire
      Robert P. Firriolo, Esquire
      Ruth S. Kochenderfer, Esquire
      William P. Lalor, Esquire
      Scott E. Levens, Esquire
      Jante C. Santos, Esquire
      Lawrence A. Serlin, Esquire