UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


EnergyNorth Natural Gas, Inc.

    v.                              Civil No. 99-cv-049-JD

Century Indemnity Company, et al.


O R D E R

    EnergyNorth Natural Gas, Inc, ("ENGI") moves to exclude evidence pertaining to a lawsuit brought in state court in 1956 against ENGI's predecessor, Gas Service, Inc., alleging a nuisance caused by the discharge of wastes from the Laconia plant.  ENGI argues that evidence of that suit, Morin v. Gas Service, Inc., (Super. Ct. Belknap County, Feb. 13, 1956), should be excluded from the trial in this case as irrelevant and unfairly prejudicial.  The defendants respond that the Morin lawsuit is relevant to show Gas Service, Inc.'s, knowledge of the harmful effects of the same wastes it produced, handled, and disposed of at the Nashua plant.

    The parties did not provide the court with copies of any pertinent pleadings or documents from the Morin case.  ENGI represents without contradiction that the Morin case involved wastes generated at the Laconia plant after the plant ceased operations, that were discharged on private property in Gilford, New Hampshire, with the permission of the property owner.  The

owner of property that neighbored the discharge site brought suit, alleging that the discharge of wastes had caused a nuisance. The suit was settled before trial. The defendants assert that the Morin suit shows ENGI's knowledge of the ability of waste materials from manufactured gas plants to migrate and cause property damage.

As presented by the parties, the Morin case appears to involve an intentional off-site discharge of waste materials from a different plant after that plant had ceased operations. The defendants have not shown that this case involves those circumstances. In addition, although the defendants argue that the Morin case shows ENGI's knowledge that plant wastes migrate, nothing has been provided to the court to show that the Morin case established that knowledge. Further, because there is no indication that the damage in this case was caused by the migration of contaminants following an intentional discharge of wastes offsite, the Morin case appears to have little relevance to the issues in this case. Given the lack of probative value, the risk of unfair prejudice and jury confusion weighs against permitting the defendants to use the Morin case at trial. Fed. R. Evid. 403.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to exclude (document no. 213) is granted.

SO ORDERED.

                                              _____
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

September 9, 2005

cc: John L. Altieri, Esquire
    Walter J. Andrews, Esquire
    Edmund J. Boutin, Esquire
    Kevin E. Buchholz, Esquire
    Doreen F. Connor, Esquire
    Bruce W. Felmly, Esquire
    Robert P. Firriolo, Esquire
    Ruth S. Kochenderfer, Esquire
    William P. Lalor, Esquire
    Scott E. Levens, Esquire
    Jante C. Santos, Esquire
    Lawrence A. Serlin, Esquire