UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

EnergyNorth Natural Gas, Inc.

        v.                          Civil No. 99-cv-049-JD

Century Indemnity Company, et al.


O R D E R

     The defendants, Certain Underwriters at Lloyd's, London,
Certain London Market Insurance Companies, and Century Indemnity
Company move to preclude EnergyNorth Natural Gas, Inc., ("ENGI")
from relitigating the issue of its historical knowledge about
manufactured gas plant wastes.  The defendants also move to
exclude evidence of an order issued by the New Hampshire Public
Utilities Commission ("PUC") on September 20, 1999, which
approved ENGI's "Petition for Approval of Recovery Mechanism for
Costs Related to Clean-up of Manufactured Gas Sites."  ENGI moves
to allow use of the PUC order at trial and to exclude use of
certain evidence pertaining to general knowledge in the
manufactured gas industry.


I.  Preclusion

     The New Hampshire Supreme Court ruled in EnergyNorth Natural
Gas, Inc. v. Continental Ins. Co., 146 N.H. 156, 164 (2001)
("Continental"), "that a reasonable company in the position of
ENGI at the time in question would have known that its
intentional discharge of toxic waste into a body of water was

certain to contaminate that body of water, particularly where, as
here, that waste was known to be insoluble in water and tends to
deposit on the shores of a stream in the form of a shiny
coating."  The defendants contend that the holding in Continental
has preclusive effect in this case that prevents ENGI from
litigating the issue of its knowledge of the harmful nature of
manufactured gas plant wastes.  ENGI objects to the motion,
arguing that Continental lacks preclusive effect here.

This court discussed the preclusive effect of Continental in
EnergyNorth Natural Gas, Inc. v. Century Indem. Co., Civil No.
99-502-JD ("Dover") (D.N.H. orders issued July 16, 2003, and Feb.
18, 2005), in the context of ENGI's manufactured gas plant site
at Dover, New Hampshire.  There, the court concluded that
Continental did not have preclusive effect because the factual
issue of whether any waste was intentionally discharged into
water was not resolved.  Similarly, the defendants here have not
shown that the circumstances at the Nashua site are sufficiently
similar to the factual basis of the Continental decision to
warrant the preclusive effect they request.  Because the issues
were thoroughly addressed in the prior orders, the court will not
provide any additional discussion here.

II.  Historical Documents

ENGI moves to exclude certain evidence of general knowledge
within the manufactured gas industry, which it expects the

2

defendants will want to use at trial.  ENGI asks the court to impose the same limitations on the evidence that were ordered in the <u>Dover</u> trial.  The defendants object, asserting that the historical documents provide "objective evidence" to show that ENGI's predecessors' actions were "inherently injurious."

Once again, the court thoroughly addressed the same issue in the context of the <u>Dover</u> trial.  <u>See</u> Order issued Feb. 18, 2005. In that case, Century provided copies of the disputed evidence in support of its argument that the evidence was admissible, which the defendants have not provided here.  The court ruled in the <u>Dover</u> case that in the absence of evidence of intentional discharge of wastes that caused the property damage at issue, the historical documents and literature were not relevant.  The defendants ignore that decision.

Instead, the defendants focus on the court's decision in <u>EnergyNorth Natural Gas, Inc. v. Lloyd's Underwriters at London</u>, 97-064-M ("<u>Laconia</u>"), allowing the use of historical documents at trial.  The defendants did not provide a copy of that decision or a citation to the record in the <u>Laconia</u> case that would allow the court to review that decision nor did they explain the court's reasoning in making that decision.  ENGI represents that the defendants' expert witness in the <u>Laconia</u> trial, Dr. Hatheway, conceded that because practices in the gas industry changed over time, the industry problems cited in old articles were not necessarily still problems decades later.  ENGI also represents

3

that much time was devoted to an old article on fish toxicity
when there was never any evidence at the trial that fish had been
injured by wastes from the Laconia plant.

The defendants have not submitted copies of the evidence
they would use at trial in this case nor have they tied any of
the purported evidence to specific factual issues in this case.
Specifically, the defendants have not shown that they will
introduce evidence of intentional discharge of wastes from the
plant into the Nashua River.  In the absence of that evidence,
any historical documents that suggest the gas industry generally
knew that manufactured gas plant wastes were harmful when
discharged into water are irrelevant.  The defendants have not
shown that this court's ruling on this issue in the <u>Dover</u> case is
inapplicable here.

Therefore, the court adopts the reasoning provided in its
order on the issue of the admissibility of the historical
documents in the <u>Dover</u> case, issued on February 18, 2005.  As
currently presented, historical documents about the harmful
effects of manufactured gas plant wastes are not admissible
because of an insufficient connection between that information
and the operation of the plant in Nashua.  The evidence may be
admissible at trial, however, if the defendants present evidence
of an intentional discharge of wastes from the Nashua plant so
that the inherently injurious analysis becomes relevant and any
specific documents or literature offered by the defendants tend

4

to show what a reasonable plant operator in ENGI's position would have known about the effects of that particular discharge. Counsel shall not refer to any historical documents or literature in their opening statements or otherwise without prior approval of the court.  Should such evidence be determined to be relevant, the defendants will be required to use an appropriate method to introduce it into evidence.

III.  <u>PUC Order</u>

The defendants move to prevent ENGI from using the PUC order as evidence at trial.  ENGI moves for a ruling that the PUC order is admissible.  ENGI contends that the PUC's "prudency" finding in the order is relevant to refute the defendants' theory that the damage that has occurred at the Nashua site was not an accident within the meaning of their policies.  The defendants argue that the prudency finding is not relevant because it does not address the issue of an accident in the context of insurance coverage.

PUC order 23,303 was issued on September 20, 1999, approving a settlement agreement on ENGI's petition for approval of a recovery mechanism for costs related to cleaning up manufactured gas sites in Concord, Dover, Keene, Laconia, Manchester, and Nashua.  To be able to recover clean-up expenses, ENGI was obligated to show "that such clean-up expenses had been prudently incurred."  Order at 2.  After reviewing the settlement agreement

and evidence submitted to it, the PUC approved the agreement,
agreeing "that the waste products from the identified MGP sites
were stored and disposed of by ENGI and its corporate
predecessors consistent with the practices of the time.  At that
time, those storage disposal actions were considered prudent."
Order at 5.

As is discussed above, in 2001, the New Hampshire Supreme
Court ruled that a reasonable company in the position of ENGI and
its predecessors who ran the manufactured gas plant at Concord
would have known that discharging wastes into a body of water,
the Tar Pond, was certain to contaminate it.  Continental, 146
N.H. at 164.  Based on that ruling, the supreme court held that
the operators of the Concord plant disposed of wastes in a manner
that was inherently injurious.  The court concluded that the
damage caused by the intentional disposal of plant wastes into
the Tar Pond was not the consequence of an accident and was not
covered by Continental's insurance policies.

Because the PUC's prudency finding applies to the operation
of the Concord plant, as well as to other plants including
Nashua, that finding must be interpreted in light of the holding
in Continental.  Reading the PUC prudency finding and the
Continental decision together, the Concord plant operations were
prudent but, nevertheless, the pollution and contamination that
resulted were not accidental, in the context of insurance

coverage.[1]  Therefore, the PUC's prudency finding does not mean or even suggest that pollution or contamination at any of the plant sites was accidental.

Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  The fact of consequence in this case is whether the damage at the Nashua site was caused by an accident.[2]  Given the result in Continental, the PUC's prudency finding has no tendency to make the accident determination more probable.[3]  Even if the PUC order were interpreted to provide some evidence that damage at the Nashua site was accidental, it would not be admissible because its weak probative value would be outweighed by the risks of unfair prejudice, confusion, misleading the jury, and the undue

_____

[1]No argument is made that the policies at issue in the Continental case are materially different from the policies at issue here.

[2]ENGI has not argued that the PUC prudency finding is admissible as being relevant to an issue of whether the costs of the clean-up in Nashua were prudently incurred nor is it apparent that the prudency of clean-up costs is an issue in this case.

[3]This court came to a different conclusion in the Dover case, where it lacked the benefit of the extensive briefing and well-developed argument that has been presented here.  The court in the Laconia case made the evidentiary ruling to admit the prudency finding in the course of the trial, without the opportunity to reflect on the briefing and argument that has been presented here.

delay necessary to explain the prudency finding in the context of the <u>Continental</u> case.  <u>See</u> Fed. R. Evid. 403.

Conclusion

For the foregoing reasons, the defendants' motion to prevent re-litigation of the issue of historical knowledge (document no. 223) is denied.  The plaintiff's motion to exclude certain evidence about general knowledge (document no. 216) is granted. The plaintiff's motion to allow evidence of the PUC order (document no. 212) is denied, and the defendants' motion to exclude evidence of the PUC order (document no. 224) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 9, 2005

cc:  John L. Altieri, Esquire
     Walter J. Andrews, Esquire
     Edmund J. Boutin, Esquire
     Kevin E. Buchholz, Esquire
     Doreen F. Connor, Esquire
     Bruce W. Felmly, Esquire
     Robert P. Firriolo, Esquire
     Ruth S. Kochenderfer, Esquire
     William P. Lalor, Esquire
     Scott E. Levens, Esquire
     Jante C. Santos, Esquire
     Lawrence A. Serlin, Esquire