UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

EnergyNorth Natural Gas, Inc.

    v.                              Civil No. 99-cv-049-JD

Century Indemnity Company, Inc., et al.

O R D E R

EnergyNorth Natural Gas, Inc., ("ENGI") moves to limit the testimony of the defendants' expert witness, Peter J. McGlew, to preclude him from testifying about the nature of the cleanup costs at the Nashua manufactured gas plant site. The defendants move to preclude any reference at trial to comments made by the court regarding McGlew's testimony at the Dover trial (EnergyNorth Natural Gas, Co. v. Century Indemnity Company, Civil No. 99-502 (D.N.H. Feb. 24, 2005).

I.  ENGI's Motion

ENGI contends that McGlew is not qualified to give an opinion as to whether costs associated with actions taken at the Nashua site are remedial or preventative. ENGI also contends that his opinions must be excluded pursuant to Federal Rule of Civil Procedure 37(c) because the defendants failed to disclose those opinions as is required by Federal Rule of Civil Procedure 26(a)(2)(B). The defendants object to ENGI's motion.

The New Hampshire Supreme Court held in Coakley v. Me. Bonding & Cas. Co., 136 N.H. 402, 416 (1992), that the costs of remediating contamination or pollution and related investigatory expenses are damages for purposes of coverage under comprehensive general liability policies but preventative costs, incurred to investigate and prevent future pollution or contamination, are not. Based on Coakley, ENGI may seek coverage for costs incurred for remediation at the Nashua site but not for prevention. ENGI argues that McGlew is not qualified to give an opinion on whether costs at the Nashua site are for remediation or prevention because he does not understand the legal distinction between those terms as they were used in Coakley.

Based on McGlew's education and experience he is qualified to assess the nature and purpose of actions taken to address contamination or pollution. Whether he understands the legal implications of the terms of art used in Coakley is not material to his opinion. Cross examination would be the appropriate vehicle to show any weaknesses in his opinions.

ENGI also asserts that his opinion on the nature of the costs at the site must be excluded because the defendants failed to disclose any such opinion in their initial expert disclosure. The only part of the defendants' initial disclosure that suggests an opinion on the nature of the costs is the statement that the

The New Hampshire Supreme Court held in Coakley v. Me. Bonding & Cas. Co., 136 N.H. 402, 416 (1992), that the costs of remediating contamination or pollution and related investigatory expenses are damages for purposes of coverage under comprehensive general liability policies but preventative costs, incurred to investigate and prevent future pollution or contamination, are not. Based on Coakley, ENGI may seek coverage for costs incurred for remediation at the Nashua site but not for prevention. ENGI argues that McGlew is not qualified to give an opinion on whether costs at the Nashua site are for remediation or prevention because he does not understand the legal distinction between those terms as they were used in Coakley.

Based on McGlew's education and experience he is qualified to assess the nature and purpose of actions taken to address contamination or pollution. Whether he understands the legal implications of the terms of art used in Coakley is not material to his opinion. Cross examination would be the appropriate vehicle to show any weaknesses in his opinions.

ENGI also asserts that his opinion on the nature of the costs at the site must be excluded because the defendants failed to disclose any such opinion in their initial expert disclosure. The only part of the defendants' initial disclosure that suggests an opinion on the nature of the costs is the statement that the

defendants expected McGlew to "offer opinions on any expert report and testimony offered by any experts designated by [ENGI] in the fields of hydrogeology, environmental site assessment and remediation, and related fields."  In March of 2005, the defendants provided a supplemental report from McGlew in which he provided a new opinion responding to the stated issue, "What is the purpose of various site response actions?"  In that opinion, McGlew states that he would give opinions as to whether such actions "would accomplish a remedial purpose or prevent potential future harm when information on the response action becomes available."

ENGI has not addressed McGlew's supplemental report.  The defendants argue that McGlew is unable to provide a more detailed opinion because the Remedial Action Plan ("RAP") for the site is not yet available.  The defendants acknowledge that they do now have the draft RAP but they explain that it was not available when McGlew prepared his supplemental report.

The defendants have provided sufficient disclosure and explanation, under the circumstances, to avoid the sanction of excluding McGlew's opinion on the purpose of actions taken under the RAP or the draft RAP.  McGlew has not disclosed any opinion as to the nature or purpose of costs incurred in any actions already taken at the site, and therefore, he is precluded from

testifying to such opinions at trial.

Based on the parties' discussion of this issue, it is far from clear whether any factual basis exists for opinions on the nature and purpose of the response costs at the Nashua site. Counsel shall confer and decide whether to address that issue as part of the trial of this case in November.  If they agree that the issue will be tried, they will also decide on what factual basis that evidence will proceed, that is, whether the final RAP is or will be available in sufficient time to be addressed by their expert witnesses, along with appropriate supplemental disclosures and depositions if necessary, or whether they will proceed under the draft RAP, which will at least require a supplemental disclosure by McGlew.

Counsel shall notify the court **on or before September 23, 2005,** as to whether the issue of preventative and remedial costs will be tried as part of this case.

II.  Defendants' Motion

The defendants' move to preclude ENGI from making any reference to the court's comments during the Dover trial about McGlew's testimony there.  As ENGI acknowledges in its objection to the motion, the court's comments are not likely to be relevant at this trial absent highly unusual circumstances.  The court

assumes that the issue of the admissibility of those comments will not arise in this trial but will reserve any ruling to be made, if necessary, in the context of trial.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion (document no. 215) is denied.  Counsel shall confer and notify the court **on or before September 23, 2005,** as to whether the issue of preventative and remedial costs will be tried as part of this case.  The defendants' motion (document no. 229) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2005

cc: John L. Altieri, Esquire
    Walter J. Andrews, Esquire
    Edmund J. Boutin, Esquire
    Kevin E. Buchholz, Esquire
    Doreen F. Connor, Esquire
    Bruce W. Felmly, Esquire
    Robert P. Firriolo, Esquire
    Ruth S. Kochenderfer, Esquire
    William P. Lalor, Esquire
    Scott E. Levens, Esquire
    Jante C. Santos, Esquire
    Lawrence A. Serlin, Esquire