UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>EnergyNorth Natural Gas, Inc.</u>

    v.                                Civil No. 99-cv-049-JD

<u>Century Indemnity Company, et al.</u>

<u>O R D E R</u>

    EnergyNorth Natural Gas, Inc., ("ENGI) moves to exclude all evidence and argument pertaining to tar-water emulsions, contending that the defendants lack any factual support for their theory that contamination at or around the Nashua plant was caused by emulsions.  The defendants respond that their expert witness, Dr. Eric M. Suuberg, has provided a properly supported opinion that the Nashua plant disposed of emulsions into the Nashua River and that his opinion is admissible evidence.  ENGI argues in its reply that Dr. Suuberg's opinion lacks evidentiary support and is not relevant.

    The defendants contend that emulsions were often a byproduct of the manufactured gas process and were often a problem for the plants because emulsions made the tar unuseable without further processing and the liquid accumulated as a problem waste product. The parties appear to agree that there is no direct evidence that the Nashua plant had emulsions or that it intentionally disposed of emulsions.  Instead, the defendants rely on Dr. Suuberg's opinions, based on circumstantial evidence, to show that emulsions were a byproduct of most carbureted water gas

facilities, that the manufacturing conditions at the Nashua plant could have caused emulsion formation, that the lack of emulsion separation and tar recovery machinery and the lack of reported tar sales strongly suggests the existence of untreated emulsions, that the large volumes of emulsions could have overwhelmed the plant's storage capacity, and that evidence of disposal facilities indicates that the Nashua plant intentionally dumped emulsions into the river.

ENGI contends that Dr. Suuberg's opinions are based on mere possibilities and propensities derived from general industry practices rather than site-specific information.  ENGI argues that the opinions are not relevant to satisfy the defendants' burden of proof and that they are more unfairly prejudicial than probative.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  The defendants in this case bear the burden of proving a lack of insurance coverage by a preponderance of the evidence.  See RSA 491:22-a; Preferred Nat'l Ins. Co. v. Docusearch, Inc., 140 N.H. 759, 762 (2003).  To satisfy that burden, "the evidence must make the finding reasonably probable, not merely possible."  Hancock

<u>v. R.A. Earnhardt Textile Mach. Div., Inc.</u>, 139 N.H. 356, 360 (1995).  Further, to be admissible, an expert witness's opinion must be "based upon sufficient facts or data, . . . [be] the product of reliable principles and methods, and [] the witness [must have] applied the principles and methods reliably to the facts of the case."  Fed. R. Civ. P. 702.

ENGI does not challenge Dr. Suuberg's credentials and qualifications as an expert on the operation of manufactured gas plants.  Dr. Suuberg's opinions, however, are expressed in an equivocal manner.  In his summary, he states that "it <u>may</u> be concluded that the evidence concerning operation of the plant is such that conditions for emulsion formation were present during the later years of the plant's operation."  Apr. 1, 2005, report at 22.  He then repeats the evidence suggesting emulsion formation and of waste disposal at the Nashua site without giving his opinion that any of those specific events actually occurred.[1]

Despite the lack of certainty in Dr. Suuberg's opinions, they appear to be based on appropriate facts and data from the Nashua plant site, taken in light of his general knowledge of manufactured gas plant operations.  As an expert in the field, he is qualified to provide his opinion as to what certain circumstantial evidence from the Nashua plant shows, to the extent such opinions were disclosed in his report.  His opinions are relevant, and more probative than unfairly prejudicial,

---

[1] Dr. Suuberg states his opinions more confidently but in much more general terms at the beginning of his report.

3

however, only as long as they are sufficient to meet the defendant's burden of proof. Opinions stated in terms of possibilities, conjecture, speculation, or other terms that are less than a reasonable likelihood or probability will not be admissible. Any other weaknesses in his opinions can be explored through cross examination.

## Conclusion

For the foregoing reasons, the plaintiff's motion in limine (document no. 217) is granted to the extent that Dr. Suuberg's opinions expressed in equivocal terms will not be admissible and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2005

cc:   John L. Altieri, Esquire
      Walter J. Andrews, Esquire
      Edmund J. Boutin, Esquire
      Kevin E. Buchholz, Esquire
      Doreen F. Connor, Esquire
      Bruce W. Felmly, Esquire
      Robert P. Firriolo, Esquire
      Ruth S. Kochenderfer, Esquire
      William P. Lalor, Esquire
      Scott E. Levens, Esquire
      Jante C. Santos, Esquire
      Lawrence A. Serlin, Esquire