```
              UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

EnergyNorth Natural Gas, Inc.

    v.                             Civil No. 99-cv-049-JD

Century Indemnity Company, et al.


O R D E R

Utica Mutual Insurance Company filed a motion in limine seeking to preclude EnergyNorth Natural Gas, Inc. ("ENGI"), from presenting testimony by its expert witness, Dr. Neil S. Shifrin, pertaining to the timing and source of certain contamination. Since filing its motion, Utica has reached a settlement agreement with ENGI and is no longer a defendant in this case. The motion, however, purportedly was filed on behalf of all of the defendants, and the remaining defendants have not disavowed the motion. Therefore, the court will consider the motion to the extent it pertains to the remaining defendants.

The defendants argue that Dr. Shifrin did not undertake an analysis of the timing of contamination at the site of the Nashua manufactured gas plant. They contend that "any spills at the site would be surficial. Dr. Shifrin is not able to point to a single spill at the site which is presently causing site contamination." They assert that it is "sheer speculation" to determine when the gasholders at the site began to leak. They

also challenge Dr. Shifrin's opinion that contamination occurred due to leaking pipes, leaking gasholders, and accidental spills because he has not pointed to evidence of those events. Based on those assumptions, the defendants assert that ENGI should be precluded from presenting evidence of property damage based on Dr. Shifrin's opinion because his opinion lacks any basis to determine the timing of any leaks or spills.

The defendants' focus on the timing of specific leaks and spills is not material to the issue of whether coverage is triggered by the events at the site. The New Hampshire Supreme Court interpreted the trigger of coverage language in the defendant' policies in <u>EnergyNorth Nat. Gas v. Underwriters at Lloyds</u>, 150 N.H. 828 (2004). The court held that the Underwriters at Lloyd's and Century policies cover accidents occurring during the policy periods, meaning that "where the alleged migration of toxic wastes is continuing, multiple exposures triggering coverage are also continuing." <u>Id.</u> at 838.

Utica addressed the interpretation of policy language only in its reply.[1] Neither Century nor Lloyd's has argued that "accidents" within the meaning of their policies, as interpreted by the New Hampshire Supreme Court, did not occur during their

---

[1] Even there, Utica misunderstood the import of that decision.

2

applicable policy periods.[2]  Given the New Hampshire Supreme Court's interpretation of the defendants' policy language and the lack of developed argumentation on the issue, the motion, to the extent it applies at all to Century and Lloyd's, is denied.

## Conclusion

For the foregoing reasons, the defendants' motion in limine (document no. 227) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2005

cc:  John L. Altieri, Esquire
     Walter J. Andrews, Esquire
     Edmund J. Boutin, Esquire
     Kevin E. Buchholz, Esquire
     Doreen F. Connor, Esquire
     Bruce W. Felmly, Esquire
     Robert P. Firriolo, Esquire
     Ruth S. Kochenderfer, Esquire
     William P. Lalor, Esquire
     Scott E. Levens, Esquire
     Jante C. Santos, Esquire
     Lawrence A. Serlin, Esquire

---

[2] In addition, the motion addresses only the Utica policies, not the policies of the other defendants.  The motion is arguably moot since Utica is no longer a defendant.