UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>EnergyNorth Natural Gas, Inc.</u>

    v.                              Civil No. 99-cv-049-JD

<u>Century Indemnity Company</u>


<u>O R D E R</u>

The defendants move for reconsideration of the court's order denying their motion in limine seeking a ruling to exclude any reference to the Johns-Manville site at trial.[1] The court denied the defendants' motion in limine on the grounds that contrary to the defendants' characterization of ENGI's amended complaint, ENGI did claim coverage for its liability for damages related to the USEPA directive and the Johns-Manville site. In coming to that conclusion, the court noted that the defendants had not adequately supported their assertion that ENGI had waived a claim for coverage related to the Johns-Manville site. The defendants contend that they are entitled to reconsideration because the court overlooked key facts and arguments and, pursuant to Federal

---

[1] ENGI seeks coverage for its liability for damage at the site of the former Johns-Manville asbestos plant, based initially on notice received from the United States Environmental Protection Agency ("USEPA"). ENGI also seeks coverage for damage for its liability based on notice from the New Hampshire Department of Environmental Services ("NHDES").

Rule of Civil Procedure 60(b)(1), because pertinent depositions were not included with their original motion. The defendants also move to amend their motion for reconsideration to add another deposition.

In its objection to the defendants' motion for reconsideration, ENGI recounts the notice the defendants have received about its USEPA and Johns-Manville site liability. ENGI includes a copy of a memorandum dated September 7, 2000, from ENGI's counsel to the defendants' counsel pertaining to a draft settlement with the USEPA as to ENGI's liability for the Johns-Manville site. ENGI also cites the deposition testimony of Frank L. Childs, former Senior Vice President and Chief Financial Officer of ENGI. Century's counsel asked Childs if he were aware that the USEPA had identified ENGI as a potentially responsible party for cleanup in the Nashua River, and Childs answered that he was aware of that. Childs also explained that the USEPA's claims against ENGI were based on finding coal tar and other substances mixed with asbestos at the Johns-Manville site.

In contending that all references to the Johns-Manville site should be excluded from this case, the defendants do not contend that ENGI ever failed to provide <u>requested</u> discovery on the Johns-Manville site issue, nor have they ever sought to compel specific discovery on that issue. Instead, the defendants

continue to argue that because ENGI reduced its references to the Johns-Manville site in the second amended complaint, it was obligated to explain why that change was made and to reaffirm that its coverage claim included costs related to that site.

The defendants' waiver argument is based on a notion that filing an amended complaint necessarily imposes new discovery obligations on the plaintiff. The defendants, however, have provided no citations to legal authority to support that theory. To be sure, Federal Rule of Civil Procedure 26(a) requires certain initial disclosures, and Rule 26(e) requires supplementary information. Otherwise, parties must seek discovery, as allowed under the rules, "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1).

If the defendants noticed the changed language in ENGI's second amended complaint with respect to the Johns-Manville site, the prudent course would have been to seek clarification as to ENGI's intent with respect to that claim or to move to dismiss the claim. The defendants' failure to pursue the issue is not a basis for sanctions against ENGI. <u>See</u> Fed. R. Civ. P. 37. In addition, it appears that the defendants did not attempt to remedy their oversight by seeking discovery on the issue, albeit at the eleventh hour, hoping instead to exclude the claim

altogether.

The defendants nevertheless assert that ENGI waived its claim for coverage of costs related to the Johns-Manville site based on deposition testimony of certain ENGI officials. The defendants rely on parts of the deposition testimony of Michelle Chicoine, President of ENGI until November of 1999; Kenneth M. Margosian, Executive Vice President of ENGI in 1998; and Frank L. Childs. The defendants fault the deponents for not providing information about ENGI's claim for coverage related to the Johns-Manville site. In the cited deposition testimony, however, the deponents respond to the questions asked by the defendants' counsel, which did not include any specific inquiries about the Johns-Manville site or coverage for that liability.[2] The deponents do refer to the USEPA notice and liability to USEPA. Any additional information would have been given on the deponents' own initiative rather than in response to defendants' counsel's questions, and the deponents cannot be faulted for

---

[2] The cited depositions were taken <u>before</u> the second amended complaint was filed. The defendants have not argued that the Johns-Manville part of ENGI's claim was not pled in the earlier complaints, which were in force at the time of all three depositions. Had the defendants been interested in the Johns-Manville part of the claim, there was no reason not to inquire during those depositions. Because the depositions predate the second amended complaint, they provide no support for the defendants' current theory that the Johns-Manville part of the claim was jettisoned in the second amended complaint.

their failure to provide information beyond the scope of the questions they were asked.

The defendants also challenge ENGI's supplemental interrogatory answers as failing to provide notice that the Johns-Manville part of the claim remained in the case after the second amended complaint was filed.  The cited responses were given to questions about the date when hazardous materials or wastes entered the ground, a body of water, and the ground water; the date when ENGI learned that any of those things had happened; the date when ENGI reasonably believes that the site contamination was reasonably capable of discovery; and the date when the site contamination was discovered.  ENGI's supplemental answers to those questions include references to the USEPA notification that was provided with the original complaint.  In response to the interrogatory directing ENGI to identify third-party damage for which it is seeking coverage, ENGI listed the notice letters from the USEPA along with notice letters from the NHDES.  ENGI also stated that the state and federal governments were seeking to hold it liable for damage and that ENGI was seeking coverage for that liability.  The defendants do not explain what other information would have been more responsive to their interrogatories.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to supplement (document no. 299) is granted. The defendants' motion for reconsideration (document no. 297) is denied.

SO ORDERED.

                                                                                          _____
Joseph A. DiClerico, Jr.
United States District Judge

September 15, 2005

cc:   John L. Altieri, Esquire
      Walter J. Andrews, Esquire
      Edmund J. Boutin, Esquire
      Kevin E. Buchholz, Esquire
      Doreen F. Connor, Esquire
      Bruce W. Felmly, Esquire
      Robert P. Firriolo, Esquire
      Ruth S. Kochenderfer, Esquire
      William P. Lalor, Esquire
      Scott E. Levens, Esquire
      Jante C. Santos, Esquire
      Lawrence A. Serlin, Esquire