UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


EnergyNorth Natural Gas, Inc.

    v.                              Civil No. 99-cv-049-JD

Century Indemnity Company, et al.


O R D E R


On Monday September 26, 2005, the defendants, Century Indemnity Company, Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies ("LMI"), filed a motion to continue the trial in this case which is scheduled to begin on November 1, 2005. In support of their motion, the defendants state:

> On September 20, 2005, an irreconcilable conflict arose with respect to the November, 2005 trial date in this case. On September 20, 2005, Attorney Firriolo (lead counsel for LMI in this case), was informed that the case of Boston Gas Company, d/b/a Keyspan Energy Delivery New England v. Century Indemnity Comapny v. Certain Underwriters of Lloyd's London, civil action no. 02-12062-RWZ, in which Attorney Firriolo is also lead counsel for LMI, will be tried during the three week trial period commencing on November 14, 2005 because of an opening in that Court's trial docket.

Motion ¶ 5. Attorney Firriolo represents that LMI informed Judge Zobel at the final pretrial conference in the Boston case, which was held on September 7, 2005, that a trial in November would conflict with the trial of this case. He represents that Judge Zobel said the Boston trial would go forward irrespective of scheduling difficulties. Attorney Firriolo states that neither

he nor his expert witnesses can prepare for and try both cases in November.  Century joins in the motion to continue because of the anticipated problem of the shared expert witnesses preparing for and testifying at both trials.  ENGI objects to the motion to continue.

The court has reviewed the dockets in both cases.  The cases' chronologies do not support the defendants' position.  As ENGI points out, this case is older, having been filed in 1999, while the Boston case was filed in 2002.  This case was ready for trial last spring before Judge McAuliffe and was continued shortly before the trial was scheduled to begin due to Judge McAuliffe's recusal.  The final pretrial conference has been held and the motions in limine and pretrial materials have been filed and addressed in this case.

A status conference was held on April 28, 2005, in the Boston case.  Judge Zobel set the final pretrial conference for September 7, 2005, and set the trial date for either October 31, 2005, or November 14, 2005, "depending on previously set trials."  Counsel for LMI represent that "[t]he earliest certain trial date announced by the Court for the Boston Gas trial was either March of April of 2006, depending upon how long another trial that was going to start in January 2006 lasted."  Reply ¶ 1.  Counsel for Boston Gas states in his affidavit that "[c]ounsel and parties in the Boston Gas case have known since early 2005 that we were

likely to go to trial on either October 31, 2005, or November 14, 2005, depending upon the court's calendar." Elkind Aff. ¶ 3. The docket in the Boston case supports Attorney Elkind's version of the trial schedule. Therefore, defense counsel have known, or should have known, since April 28, 2005, that the Boston case would be tried in November of 2005.

After this case was reassigned, ENGI filed motions to expedite rescheduling the trial, for a scheduling conference, and to reschedule the trial to the period beginning on October 4, 2005. In response, the defendants suggested that because one of the defendant insurance companies had reached a settlement with ENGI, the case could be returned to Judge McAuliffe. The defendants did not notify the court of the dates for trial of the Boston case or raise any issue as to a scheduling conflict with those dates, even though the October 4 date requested by ENGI would have made the trials closely consecutive if the Boston trial began on October 31.

On July 28, 2005, the court set the trial date for this case on November 1, 2005. In the same order, the court instructed the parties: "In the event that the trial date of November 1, 2005, is not feasible, then counsel shall confer with each other and with the deputy clerk to establish a trial date some time after November 1, 2005." Neither LMI nor Century contacted the court to report a conflict in trial dates with the Boston case even

though both of the dates set by Judge Zobel would conflict with a trial here on November 1.  Therefore, this case remained set for trial on November 1, 2005.

On September 7, 2005, a final pretrial conference was held in the Boston case.  The clerk's note in the docket says:  "let counsel know as soon as possible re trial date."  Attorney Firriolo represents that the trial dates were discussed at the conference and that counsel for LMI requested a continuance based on the conflict with the trial in this court.  There is no indication in the docket that LMI requested a continuance in the Boston case.

Despite the discussion at the final pretrial conference on September 7, 2005, about trial dates, neither Century nor LMI notified this court of a conflict with the Boston case.  On September 20, 2005, Judge Zobel issued a pretrial order setting the trial for November 14, 2005.  Counsel for the plaintiff in the Boston case and for Century and LMI were engaged in a discussion by letters to the judge concerning LMI's role, as a third party defendant, in the Boston case.  That issue appears to be unresolved.  The defendants filed their motion to continue the trial here on September 26, 2005.

Counsel for LMI and Century knew of the two alternative dates for the Boston trial months before the trial was scheduled in this case.  They apparently did not believe either of those

dates would present a conflict when the court invited their response to the trial date of November 1, 2005, in this case. Instead, they waited until the date was chosen in the Boston case to raise the question of a conflict.  Further, the docket does not reflect that the defendants have moved for a continuance in the Boston case.

The court will not reschedule this case, which is now six years old, based on the defendants' late claims of conflict and inconvenience.

## Conclusion

For the foregoing reasons, the defendants' motion to continue (document no. 311) is denied.  The defendants' motion for leave to file a reply (document no. 315) is granted, and the court considered the reply filed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2005

cc:  John L. Altieri, Esquire
     Walter J. Andrews, Esquire
     Edmund J. Boutin, Esquire
     Kevin E. Buchholz, Esquire
     Doreen F. Connor, Esquire
     Bruce W. Felmly, Esquire
     Robert P. Firriolo, Esquire
     Ruth S. Kochenderfer, Esquire
     William P. Lalor, Esquire
     Jante C. Santos, Esquire
     Lawrence A. Serlin, Esquire