UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>EnergyNorth Natural Gas, Inc.</u>

    v.                              Civil No. 99-cv-049-JD

<u>Century Indemnity Company, et al.</u>


O R D E R

The trial of this case is scheduled to begin on November 1, 2005.  A final pretrial conference will be held at **3:00 pm on Tuesday, October 25, 2005.**

ENGI is seeking a declaration of insurance coverage under the defendants' policies for its liability for property damage due to contamination of groundwater and the sediments and water of the Nashua River, originating at the former site of a manufactured gas plant in Nashua, New Hampshire.[1]  The defendants, Century Indemnity Company and Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies ("LMI"), contend that there is no coverage under their policies on three grounds:  (1) because the contamination was not fortuitous but instead was expected or intended by the insured; (2) because the insured's activity that caused the contamination

---

[1] ENGI is proceeding under New Hampshire Revised Statute Annotated § 491:22, which includes a burden-shifting provision. N.H. Rev. Stat. Ann. § 491:22-a.  Although ENGI included a claim for breach of contract in its second amended complaint, no such claim is mentioned in its final pretrial statement.

was "inherently injurious" within the meaning of <u>EnergyNorth Natural Gas, Inc. v. Continental Ins. Co.</u>, 146 N.H. 156 (2001); and (3) because the pollution exclusions in the policies bar coverage.[2]  The defendants also assert that they are not obligated to provide coverage for damage that occurred outside the effective dates of their policies.

1. <u>Trial Presentation</u>

   Based upon the parties' pretrial filings, they agree that ENGI has made its prima facie case of showing that valid insurance policies exist that were issued by the defendants. Once the prima facie case is established, the defendants bear the burden of proof as to all other issues in this case, including any defense based upon any policy exclusions, except as to the dollar amount of ENGI's liability for covered property damage. Therefore, the order of presentation outlined in the defendants' proposed trial plan, dated April 22, 2005, without regard to the stated substance of the witnesses' expected testimony, would be appropriate.[3]

---

[2] The defendants also raised the "owned property" exclusion, but that issue would appear to have been resolved by ENGI's limitation of its claim to property that is not implicated by the "owned property" exclusion.

[3] Although the document titled "Century and LMI's Proposed Preliminary Trial Plan" is part of the record in this case, the document does not appear to have been docketed.  Given the dates, the document may have been hand delivered to the court at the final pretrial conference on April 22, 2005.

2. <u>Policies</u>

Counsel, working jointly, shall make a chart of the pertinent policies to show the applicable coverage provisions, any exclusions the defendants rely on as barring coverage, and the effective dates.  The chart shall be filed with the court on or before **October 24, 2005.**

3. <u>Damages</u>

It appears from the parties' latest submissions on the issue of remedial and preventative measures, that ENGI will seek indemnification for specific costs that have been incurred and paid in connection with the Nashua site.  The defendants contest whether the measures taken have been for remediation rather than prevention of future contamination.  At the same time, however, the defendants argue that because the plan for cleanup measures at the site has not been completely finalized, the issue of remedial versus preventative costs cannot be litigated as part of this case.  The defendants further argue that it would confuse the jury for ENGI to seek indemnification for costs already incurred.  The court requires additional information to decide whether this issue will be addressed at trial.

ENGI shall file a statement of its claims for indemnification of costs or expenses already incurred, stating specifically:

  the property damage that led to ENGI's liability,

  the work or activity that generated the costs or expense,

  the amount sought in indemnification as to each claim.

That statement shall be served on the defendants and filed in court **on or before October 17, 2005.** The defendants shall file their joint response or separate responses **on or before October 24, 2005,** stating with reference to each indemnification claim whether that claim is disputed, and, if disputed, the basis for the dispute:

  that ENGI is not liable to pay the claimed cost or expense,

  that the liability is not covered by the applicable policies,

  that the work was preventative not remedial, or

  that the amount claimed is inaccurate.

  SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 6, 2005

cc: John L. Altieri, Esquire
  Walter J. Andrews, Esquire
  Edmund J. Boutin, Esquire
  Kevin E. Buchholz, Esquire
  Doreen F. Connor, Esquire
  Bruce W. Felmly, Esquire
  Robert P. Firriolo, Esquire
  Ruth S. Kochenderfer, Esquire
  William P. Lalor, Esquire
  Jante C. Santos, Esquire
  Lawrence A. Serlin, Esquire