```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

EnergyNorth Natural Gas, Inc.

    v.                              Civil No. 99-cv-049-JD

Century Indemnity Company, et al.


                        O R D E R

     The defendants move for reconsideration of the court's order granting ENGI's motion to exclude certain evidence about general knowledge in the gas industry. They complain that the court decided the motion based on reasoning that ENGI did not raise, that is, that evidence of intentional discharge of wastes into the Nashua River would be necessary before the challenged general knowledge evidence could be relevant. Apparently, the defendants did not read ENGI's motion carefully because that issue is raised on the first page and is discussed throughout the motion, in particular on pages five through seven. Further, as the court noted in the previous order, the issue was discussed in an order issued in EnergyNorth Natural Gas, Inc. v. Century Indem. Co., Civil No. 99-502-JD (D.N.H. Feb. 18, 2005), where Century Indemnity Company presented a detailed evidentiary argument in support of the relevance of the same challenged documents. ENGI cited and quoted that order in its motion.

Belatedly, the defendants contend that they will introduce evidence of intentional discharges at the Nashua site. The defendants have submitted one example of intentional discharge, an incident in 1969, during the dismantling of plant structures, when, they contend, tarry material from the bottom of a gas holder tank was released and allowed to drain toward the river. The defendants' expert witness, Peter McGlew, states in his expert report that the tar discharge in the 1969 demolition was "likely to migrate downward and flow into the bedrock depression [located under the river], where [it] would remain pooled and immobilized at depth in the subsurface." Def. Ex. 4 at 8. That tar is part of the remediation effort in the river for which ENGI seeks coverage.[1]

The evidence the defendants seek to introduce to show ENGI's knowledge of the harmful effects of the discharge from the bottom of the gas holder is a report of the proceedings of the New England Association of Gas Engineers ("NEGA"), February 16 and 17, 1899, and a report of the American Gas Association ("AGA"), Technical Section, November 15 to 20, 1920. Unfortunately, the copy of the NEGA report provided to the court is unreadable so the relevance of that report cannot be determined. The cited

---

[1] The photograph the defendants' submit does not provide support for their theory without interpretation.

portion of the 1920 AGA report pertains to "ammonia still waste," rather than tar left in a gas holder, which does not appear to have any relevance to the tar discharge in 1969. Therefore, despite providing some evidence of an intentional discharge in 1969, the defendants have not shown any relevant evidence of historical knowledge in the gas industry.

## Conclusion

For the foregoing reasons, the defendants' motion to reconsider (document no. 310) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 13, 2005

cc:  John L. Altieri, Esquire
     Edmund J. Boutin, Esquire
     Doreen F. Connor, Esquire
     Bruce W. Felmly, Esquire
     Robert P. Firriolo, Esquire
     William P. Lalor, Esquire
     Lawrence A. Serlin, Esquire