```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

<u>EnergyNorth Natural Gas, Inc.</u>

    v.                                Civil No. 99-cv-049-JD

<u>Century Indemnity Co., et al.</u>

## O R D E R

The parties have filed their responses to the court's inquiry about whether the issue of preventative or remedial measures are to be tried in this case. The parties agree that only the costs incurred by ENGI for remedial measures are covered by the policies at issue in this case. They also agree that as of this date no final Remedial Action Plan ("RAP") has been adopted for the Nashua plant site.

The defendants argue that determining what measures will be used at the site is inherently speculative in the absence of a final plan and that the question of damages should not be tried in a piecemeal fashion. ENGI states that it seeks a "declaration of coverage and an indemnity award for remediation costs incurred and to be incurred." Pl. Rep. ¶ 1. ENGI also states that the defendants have not disputed that the cleanup measures at the Nashua River Asbestos Site, which have been completed, were remedial. It seeks to recover the costs it has already incurred for the asbestos site and for work at the plant site along with

costs that it anticipates that it will incur at the plant site based on a draft RAP. ENGI concedes that because the RAP is not final, it cannot calculate the amount it will seek in indemnification for that part of its liability.

Without a final RAP, a determination of what cleanup measures are going to be required, the nature of those measures (i.e. preventative or remedial), and the costs associated with those measures would be speculative at best. While some cleanup measures have been done and the costs associated therewith have been incurred, other measures have not yet begun. The calculus of cleanup measures, costs, and damages should be considered as a whole rather than in piecemeal fashion in order to avoid any distortion of these issues or the possibility of inconsistent determinations by different juries.

The trial of this case will be limited to the issue of coverage for ENGI's liability for property damage caused by the Nashua plant. The case will focus on the nature of the property damage that has occurred, when it occurred, and whether or not the insurance policies at issue provide coverage for ENGI's liability for that damage. The issue of whether any cleanup measures that have been or will be undertaken are remedial or preventative and the issue of the amount of any indemnification or damages will not be tried as part of this case. Therefore, it

appears that the draft RAPs are irrelevant and there will be no need for any reference to or evidence about the draft RAPs, or the cleanup measures suggested in them, as a part of this case.

SO ORDERED.

                                                              Joseph A. DiClerico, Jr.
                                                            United States District Judge

October 25, 2005

cc: John L. Altieri, Esquire
     Richard T. Apiscopa, Esquire
     Edmund J. Boutin, Esquire
     Doreen F. Connor, Esquire
     Bruce W. Felmly, Esquire
     Robert P. Firriolo, Esquire
     William P. Lalor, Esquire
     Lawrence A. Serlin, Esquire