UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

EnergyNorth Natural Gas, Inc.

v. Civil No. 99-cv-049-JD

Century Indemnity Company, et al.

PROCEDURAL ORDER

During the final pretrial conference held yesterday, October 25, 2005, an issue arose as to the defendants' intention to introduce historical documents at trial as evidence of the gas industry's knowledge of the effects of discharging wastes from manufactured gas plants. Although this issue has been addressed in the course of the parties' motions in limine, it has not been resolved. To facilitate the court's review and to avoid an undue delay during the trial, by **noon on Monday, October 31, 2005**, the defendants shall file an offer of proof as to the testimony of any witness who will provide the foundation for the historical document evidence that the defendants propose to introduce and shall file readable copies, with pertinent passages highlighted, of any documents they intend to offer for introduction at trial. ENGI is afforded an opportunity to file its response to the defendants' offer of proof on or before **5:00 p.m. on Monday, October 31, 2005.**

1. Foundation

Historical document evidence will be admissible only if a proper foundation is established through a witness or witnesses at trial. Therefore, the defendants shall make an offer of proof concerning the following foundation evidence:

(a) evidence of an intentional discharge of tar or another waste product from the Nashua plant site or onto the plant site, which contaminated the river sediments or the groundwater and is part of the damage for which ENGI seeks coverage; and

(b) evidence that a reasonable company in the position of ENGI (Gas Service, Inc.) would have known at the time in question that its intentional discharge was certain to cause some injury to property, although not necessarily the particular injury that has occurred.

Generally, an historical document will be considered relevant to show what a reasonable company would have known

(a) if the material discharged by ENGI is the same as the material discussed in the document, and

(b) if the type of discharge is the same, that is, discharge into water or directly onto the soil.

2. Preclusive Effect of Continental

To the extent the defendants present an offer of proof that Gas Service, Inc., or its employees, intentionally discharged tar into the river, the holding of EnergyNorth Nat. Gas., Inc. v. Cont'l Ins. Co., 146 N.H. 156 (2001), applies so that the inherently injurious effect of that particular discharge is established without the need to resort to historical documents. In that circumstance, historical documents would not be relevant because the issue of inherently injurious effect would be established. The jury would be instructed that if it found the discharge of tar into the river was intentional, any damage proved by the defendants to have resulted from that discharge would not be covered by their policies.

With respect to any other type of discharge, such as a discharge directly onto the ground at the plant site or a non-intentional discharge into water, the preclusive effect of Continental does not apply.

3. Effect of a Stipulation

If ENGI were to stipulate to any particular incident, such as the berm event, as an intentional and inherently injurious discharge, the jury would be instructed that any damage that the defendants proved to have resulted from the berm discharge would

not be covered by the defendants' policies. In that circumstance, the historical documents would not be relevant as to the stipulated incident. Any such stipulation must be filed on or before **5:00 p.m. on Monday, October 31, 2005.**

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

October 26, 2005

cc: John L. Altieri, Esquire
Richard T. Apiscopa, Esquire
Edmund J. Boutin, Esquire
Doreen F. Connor, Esquire
Bruce W. Felmly, Esquire
Robert P. Firriolo, Esquire
William P. Lalor, Esquire
Lawrence A. Serlin, Equire