UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>EnergyNorth Natural Gas, Inc.</u>

    v.                                Civil No. 99-cv-049-JD

<u>Century Indemnity Company, et al.</u>

<u>O R D E R</u>

    Both EnergyNorth and the defendant insurance companies have moved for judgment as a matter of law.  Both have based their motions, in part, on the pollution exclusion in the policies covering the period between November 15, 1971, and January 29, 1979.  EnergyNorth contends that the pollution exclusion is inapplicable in this case, while the insurance companies have moved for judgment as a matter of law that the pollution exclusion applies during the pertinent period.

    The insurance companies bear the burden of showing that the pollution exclusion bars coverage in this case, which requires proof that the contamination at issue in this case occurred during the policy period and that the contamination was not caused by an unexpected or unintended discharge during that period.  The period applicable to the pollution exclusion is between November of 1971 and January of 1979.  The insurance companies, however, contend that all of the contamination at issue in this case is the result of intentional actions by EnergyNorth and its predecessor, entirely precluding coverage.

Based on the insurance companies' claims that all of the contamination was intentional, the pollution exclusion would not apply.  However, if we assume that the jury might find that some of the contamination was unintentional, the pollution exclusion would apply provided that the insurance companies proved that contamination, which occurred between November of 1971 and January of 1979, was not the result of an unintended and unexpected discharge within the same period.  The insurance companies, however, failed to introduce any evidence about the cause of contamination within the applicable period.

Because the insurance companies failed to carry their burden of proof on the exclusion, there is no evidence that would permit a reasonable jury to find that the pollution exclusion applies in this case.  EnergyNorth is entitled to judgment as a matter of law on the pollution exclusion.  On all other issues, because factual issues remain for the jury to decide, the motions for judgment as a matter of law are denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 14, 2005

cc: John L. Altieri, Esquire
    Richard T. Apiscopa, Esquire
    Edmund J. Boutin, Esquire
    Doreen F. Connor, Esquire
    Bruce W. Felmly, Esquire
    Robert P. Firriolo, Esquire
    William P. Lalor, Esquire
    Lawrence A. Serlin, Esquire