UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>EnergyNorth Natural Gas, Inc.</u>

    v.                               Civil No. 99-cv-049-JD

<u>Century Indemnity Company, et al.</u>

<u>O R D E R</u>

On November 15, 2005, the jury rendered its verdict in favor of EnergyNorth Natural Gas, Inc., finding that the defendant insurers had not proven, by a preponderance of the evidence, that any part of the contamination for which EnergyNorth sought insurance coverage was intentional.  Previously, the court limited the issues to be tried to the question of insurance coverage under New Hampshire Revised Statute Annotated § 491:22. <u>See</u> Final Pretrial Order, Oct. 26, 2005, ¶ 7 (doc. no. 347).  On November 14, 2005, the court granted, in part, EnergyNorth's motion for a judgment as a matter of law on the issue of the pollution exclusion, ruling that the defendant insurers failed to present evidence from which a reasonable jury could find that the pollution exclusion applied.  Order, Nov. 14, 2005 (doc. no. 401).  The owned property exclusion did not bar any part of the coverage sought in this case, and the defendant insurers did not pursue defenses based on other exclusions

This case was limited to the question of insurance coverage.

No final remediation plan has been approved, and the remediation activities at and around the site area are continuing and will continue for some time in the future.  Therefore, the breach of contract claim; issues pertaining to damages, including the amount of the costs associated with remediation and whether those costs were incurred for remedial or preventative measures; issues of indemnification, and issues of allocation were not ripe and were not addressed in this case.  Those claims and issues are dismissed from this case without prejudice.

Those issues must be resolved by the parties or be raised in a separate proceeding, if that is necessary, after remediation is complete.  The court expects the parties to use their best efforts to resolve any remaining issues without resorting, again, to proceedings in this court.  New litigation would require additional expenditures of time and resources on a matter that should be resolved more expeditiously and economically by the parties and their counsel.

Based on the jury's verdict, EnergyNorth is entitled to coverage under the policies in question for contamination to the ground water and river sediments at and near the site of the Bridge Street gas plant.  Under New Hampshire Revised Statutes Annotated § 491:22-b, "if the insured prevails [in an action under § 491:22], he shall receive court costs and reasonable

attorneys' fees from the insurer." If EnergyNorth intends to seek attorneys' fees under § 491:22-b, counsel shall file and serve a properly supported motion or notify the defendant insurers and the court that it will not seek such an award **on or before December 9, 2005.** Counsel for all parties shall then make all reasonable efforts to reach an agreement as to a final amount of fees and costs to be paid under § 491:22-b. Counsel shall notify the court that an agreement has been reached or the defendant insurers shall file their objections to EnergyNorth's motion with **twenty days** after the date the motion is filed.

The clerk of court shall enter judgment in accordance with the jury's verdict and this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 16, 2005

cc:  John L. Altieri, Esquire
     Richard T. Apiscopa, Esquire
     Edmund J. Boutin, Esquire
     Doreen F. Connor, Esquire
     Bruce W. Felmly, Esquire
     Robert P. Firriolo, Esquire
     William P. Lalor, Esquire
     Lawrence A. Serlin, Esquire