UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>EnergyNorth Natural Gas, Inc.</u>

    v.                              Civil No. 99-cv-049-JD

<u>Century Indemnity Company, et al.</u>

<u>O R D E R</u>

Following the jury's verdict and judgment in its favor, EnergyNorth Natural Gas, Inc., moves for an award of reasonable attorneys' fees and court costs pursuant to New Hampshire Revised Statute Annotated ("RSA") § 491:22-b. EnergyNorth seeks $1,033,892.06 in fees and $413,825.29 in costs. The defendant insurers, Century Indemnity Company, Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies, oppose EnergyNorth's motion.

Although the defendants state that they object "broadly" to EnergyNorth's motion for an award of fees and costs on the ground that the motion is "premature," they have not developed that argument to explain what future events would make the motion ripe. As the defendants are well aware, the court ruled in <u>EnergyNorth v. Natural Gas, Inc. v. Century Indemnity Company</u>, 99-cv-502-JD, ("the Dover case") that EnergyNorth's motion for an award of fees an costs was not premature, as Century argued, because RSA 491:22-b provided for an award to an insured who prevailed in an action to determine insurance coverage. Order,

May 12, 2005. The same ruling applies here.

The defendants argue, more specifically, that EnergyNorth failed to provide sufficient detail to support its request for costs and is limited by 28 U.S.C. § 1821(b) with respect to expert witness expenses, that some requested fees and costs are unreasonable, that EnergyNorth is not entitled to fees and costs that are attributable solely to a defendant that is no longer part of the litigation, and that it cannot recover fees and costs not associated with litigating this case, or that were incurred for unsuccessful motions or claims. Many of these issues were raised and addressed in the court's order in the Dover case and those rulings apply here as well.

The current dispute about expert witness expenses was not addressed in the Dover case.[1] The defendants contend that § 1821(b) governs EnergyNorth's request for expert witness expenses while EnergyNorth contends that RSA 491:22-b provides the governing law. Section 1821(b) provides: "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." RSA 491:22-b provides that a

---

[1] Century did not dispute the availability of expert witness expenses under RSA 491:22-b in the Dover case. See Order, 99-cv-502-JD, May 12, 2005, at 8.

prevailing insured in an action under RSA 491:22 is entitled "to receive court costs and reasonable attorneys' fees from the insurer."

The Supreme Court directs that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987). Crawford does not apply, however, when a plaintiff has prevailed in federal court on a claim under state law and state law also provides for an award of expert witness expenses. Freeman v. Package Mach. Co., 865 F.2d 1331, 1347 (1st Cir. 1988); see also Clausen v. M/V New Carissa, 339 F.3d 1049, 1065 (9th Cir. 2003) (§ 1821(b) not applicable when state law provides for award of costs as part of prevailing party's damages); but see Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1168 (9th Cir. 1995) (holding that § 1821(b) governs over a state procedural rule on awarding costs).

Although EnergyNorth is correct that when state law provides for an award of fees or costs, state law also controls the method for making the award, Blanchette v. Cataldo, 734 F.2d 869, 878 (1st Cir. 1984), the pertinent question here is whether RSA 491:22-b provides for an award of expert witness expenses at all. RSA 491:22-b does not define "court costs" or otherwise indicate

whether expert witness expenses would be awarded as part of "court costs."  The New Hampshire Supreme Court has not addressed the issue of whether "court costs" includes expert witness expenses.  Cf. Bianco P.A. v. Home Ins. Co., 147 N.H. 249, 252-53 (2001) (construing RSA 491:22-b without reference to meaning of "court costs").

The parties have not sufficiently briefed the expert witness expenses issue to permit the court to make a reasoned decision as to whether RSA 491:22-b or § 1821(b) governs the expert witness expenses.  In addition, there appears to be a continuing dispute as to whether fees associated with litigation in a related state case and other federal cases can be included in the requested award here.  The defendants requested an opportunity to confer with EnergyNorth, to seek further information pertinent to the award issues, and to submit a further filing detailing the reductions they believe are appropriate.

As in the Dover case, the court is giving serious consideration to the appointment of a special master to address the award issues.  Again, the court will give the parties an opportunity to resolve or at least narrow the issues before the expense of a special master is added to the substantial expenses incurred in this case.  The parties shall set an expedited

schedule for addressing these issues and file the schedule with the court **on or before March 23, 2006.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 14, 2006

cc: John L. Altieri, Esquire
    Richard T. apiscopa, Esquire
    Kathyanne S. Cohen, Esquire
    Doreen F. Connor, Esquire
    Bruce W. Felmly, Esquire
    Robert P. Fittiolo, Esquire
    William P. Lalor, Esquire
    Lawrence A. Serlin, Esquire