UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

EnergyNorth Natural Gas, Inc.

    v.                           Civil No. 99-cv-049-JD

Century Indemnity Company et al.

O R D E R

EnergyNorth Natural Gas, Inc., prevailed at trial in this action for a declaratory judgment under Revised Statutes Annotated ("RSA") 491:22-a, establishing its coverage for certain events under its insurance policies with the defendants. Because the statute allows an insured who succeeds in such an action to "receive court costs and reasonable attorneys' fees from the insurer," id. § 491:22-b, the court ordered the parties to attempt to reach an extrajudicial resolution of EnergyNorth's claim for fees and costs. The parties managed to resolve this claim with the exception of one issue: whether EnergyNorth can collect the fees paid to its expert witness as "court costs" under RSA 491:22-b. In response to a subsequent court order, each side has submitted a memorandum addressing EnergyNorth's entitlement to those sums; the defendants have also filed a response to EnergyNorth's memorandum.

As the court noted in its previous order directing the parties to brief this issue, Order (Mar. 14, 2006), at 3, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of [28 U.S.C.] § 1821(b), absent contract or explicit statutory authority to the contrary." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987). Section 1821(b), in turn, restricts the fees payable to each witness to an "attendance fee of $40 per day for each day's attendance." EnergyNorth, however, seeks "to recover its expert fees relating to trial preparation and attendance" at hourly rates exceeding the per diem fixed by section 1821(b). EnergyNorth Br. Entitl. Costs at 6.

EnergyNorth argues at the outset that RSA 491:22-b authorizes the court to impose such costs. That statute provides simply that "[i]n any action to determine coverage of an insurance policy pursuant to RSA 491:22, if the insured prevails in such an action, he shall receive court costs and reasonable attorneys' fees from the insurer." EnergyNorth posits that "the insured's costs associated with expert fees must be included" within the meaning of the term "court costs" when the "expert testimony is essential to the successful litigation of the insured's declaratory judgment claim." EnergyNorth Br. Entitl.

Costs at 3.  EnergyNorth acknowledges, however, that neither the text of RSA 491:22-b itself nor any case law interpreting it defines the term "court costs" as used in the statute.[1]

In the defendants' view, this fact alone is fatal to EnergyNorth's claim for expert witness fees, given the holding in Crawford that section 1821(b) limits the recovery of such fees in federal court "absent explicit . . . statutory authority to the contrary."  482 U.S. at 439 (emphasis added).  Because "Crawford emanated from, and was grounded in, the express limitation imposed on witness fees by a federal statute, 28 U.S.C. § 1821," however, "the rule of the case does not constrain state law." Freeman v. Package Mach. Co., 865 F.2d 1331, 1347 (1st Cir. 1988).  Instead, a federal court deciding whether to apply state or federal law in assessing costs must first determine whether "the prevailing party's entitlement is . . . dependent on a state procedural provision of general applicability" or "an integral

---

[1] The defendants suggest that this court, in Johnson v. Watts Regulator Co., 1995 U.S. Dist. LEXIS 16254 (D.N.H. Oct. 30, 1995), held that section 491:22-b limits the assessment of expert witness fees to "only those costs incurred for [an] expert to appear and testify in the case."  1995 U.S. Dist. LEXIS 16254, at *10.  Although Johnson was an action for a declaratory judgment of insurance coverage under RSA 491:22 where the court refused to award the insured the full amount of the fees paid to his expert, the court's order gives no indication that it considered whether RSA 491:22-b authorized such costs.  The court therefore does not consider Johnson instructive here.

3

part of the substantive state-law remedy for a particular wrong." Id. at 1348 n.13; see also Clausen v. M/V New Carissa, 339 F.3d 1049, 1064-65 (9th Cir. 2003). Only in the latter case will the state law provision on costs control. Freeman, 865 F.2d at 1348.

Despite the court's prior order bringing Freeman to their attention, the parties have not addressed whether RSA 491:22-b constitutes "an integral part of the substantive state-law remedy for a particular wrong" so as to make it the governing law here. The defendants, as previously noted, mistakenly argue that Crawford controls, while EnergyNorth simply assumes that section 491:22-b applies here. The court will proceed on the same assumption, as it concludes that RSA 491:22-b, even if it applies, does not allow the recovery of expert witness fees.

Under New Hampshire principles of statutory interpretation, a court "look[s] to the plain and ordinary meaning of the words used in the statute and will not examine legislative history unless the statutory language is ambiguous, consider what the legislature might have said, or add words not included in the statute." Weare Land Use Ass'n v. Town of Weare, ___ N.H. ___, 2006 WL 1344154, at *2 (N.H. May 18, 2006). EnergyNorth does not offer any authority supporting its view that the plain and ordinary meaning of the term "court costs" includes expert witness fees. The caselaw, in fact, tends to read the phrase (as

4

found in private agreements or the laws of other states) to exclude such fees.  See, e.g., Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc., 178 F.R.D. 595, 602 (M.D. Fla. 1998); All Pro Maids, Inc. v. Layton, 2004 WL 3029869, at *3 (Del. Ch. Dec. 20, 2004); Arch. Resources, Inc. v. Rakey, 912 S.W.2d 676, 679 (Mo. App. Ct. 1995); Andress v. Bowlby, 773 P.2d 1265, 1268 (Okl. 1989).

In contrast, where "costs" has been construed to encompass expert witness fees, the term generally has not appeared in isolation, but preceded by a modifier such as "all," which serves to broaden its scope.  See Comrie v. Enterasys Networks, Inc., 2004 Del. Ch. LEXIS 53, at *18 (Del. Ch. Apr. 27, 2004); accord Clausen, 339 F.3d at 1064 ("costs . . . of any kind"); Bright v. Land O'Lakes, Inc., 844 F.2d 436, 444 (7th Cir. 1988) ("actual costs"); McClelland v. Hyundai Motor Am., 851 F. Supp. 677, 679 (E.D. Pa. 1994) ("all court costs"); Morse/Diesel, Inc. v. Trinity Indus., Inc., 875 F. Supp. 165, 179 (S.D.N.Y. 1994) ("all costs, losses, damages, and expenses").  Section 491:22-b, of course, lacks any such language.  Expert witness fees, then, would appear to fall outside of the plain and ordinary meaning of "court costs" as that term appears in the statute.

Even if RSA 491:22-b could be considered ambiguous on this point, the statute's legislative history does not fairly support

EnergyNorth's reading.  EnergyNorth argues that the history "makes it clear that the purpose of the statute was to force insurers to make early decisions to agree to defend and indemnify insureds, or pay for the insureds to pursue a declaration of coverage."  EnergyNorth Br. Entitl. Costs at 4.  Although the snippets of legislative history quoted in EnergyNorth's brief generally support this characterization, it does not follow that the term "court costs" in section 491:22-b should be read to include expert witness fees.  See W. Va. Univ. Hosps. v. Casey, 499 U.S. 83, 87 n.3 (1991) (rejecting "counter-intuitive assertion that the term 'costs' has a different and broader meaning in fee-shifting statutes than it has in the cost statutes that . . . apply to ordinary litigation") (internal quotation marks and cross-reference omitted).

First, the legislative record is devoid of any reference to expert witness fees or any other specific category of expenses beyond attorneys' fees.  EnergyNorth relies on a colloquy from the floor of the New Hampshire Senate where a sponsor of the provision, in response to another member's question as to whether it would require an insurer to pay the insured's "fees," stated, "It will pay for the insurer's [sic] legal cost."  N.H. S. Journal (May 24, 1973) at 1428 (statements of Sens. Ferdinando and Bossie).  But this exchange is at best inconclusive on

6

whether the statute was intended to award expert witness fees to a successful insured, particularly in the absence of any indication that the legislature would have understood the term "legal cost" to embrace expert witness fees.  Regardless, even if "legal cost" could be read more broadly than "court costs," it is the latter term that appears in the statute as enacted and, as just discussed, the ordinary meaning of that term excludes expert witness fees.  "Where alleged 'intent' expressed in a legislative report is in direct conflict with the apparent intent as manifested in the words of the statutes themselves, [the court] surely must apply the statute rather than the report; after all, it is the statute, not the report, that was enacted . . . ." United States v. M.I.M., 932 F.2d 1016, 1020 (1st Cir. 1991).

    Second, the New Hampshire legislature has enacted a number of statutes that specifically address the treatment of expert witness fees as costs of various other types of actions. See RSA §§ 12-E:14 (authorizing award of "costs of litigation including attorney and expert witness fees" in suits for violations of mining permits); 374:33-a (prohibiting public utilities commission "from including in rates to ratepayers any of the costs, including, without limitation, all . . . expert witness fees" incurred by utilities in proceedings for approval of acquisitions); 541-D:8 (entitling state to recover "expert

witness fees [and] costs of [an] action" to enforce tobacco regulations). Moreover, the New Hampshire statute which governed the award of costs in superior court before the adoption of Rule 87 of the New Hampshire Superior Court Rules, see Flanagan v. Prudhomme, 138 N.H. 561, 577 (1994), also specifically enumerated "expert witness fees" among the categories of costs allowed. Act of June 18, 1971, 1971 N.H. Laws 221 (repealed 1989).

These statutes suggest that the legislature specifically provides for the award of expert witness fees as part of costs when it sees fit to do so. Reading RSA 491:22-b to authorize expert witness fees in the absence of such of provision, then, would be contrary to the intent of the legislature. See W. Va. Univ. Hosps., 499 U.S. at 88 (relying on numerous federal statutes that "explicitly shift expert witness fees" to conclude that former version of 42 U.S.C. § 1988, which lacked such a provision, did not authorize such shifting); Denny v. Westfield State Coll., 880 F.2d 1465, 1471 (1st Cir. 1989) (employing similar reasoning in construing Title VII not to allow expert fees). The court concludes that the term "court costs" as it appears in RSA 491:22-b does not include expert witness fees.

EnergyNorth also argues that it can recover its expert witness fees under Rule 87 of the New Hampshire Superior Court Rules, which authorizes the award of such fees "directly related

to the witness's appearance and testimony in court." Flanagan, 138 N.H. at 577.  Rule 87, however, is "a state procedural provision of general applicability" rather than "an integral part of the substantive state-law remedy for a particular wrong," Freeman, 865 F.2d at 1348 n.13, and therefore does not apply in this court, sitting in diversity.  Bosse v. Litton Unit Handling Sys., 646 F.2d 689, 695 (1st Cir. 1981); accord Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1168 (9th Cir. 1995); Chaparral Resources, Inc. v. Monsanto Co., 849 F.2d 1286, 1291-92 (10th Cir. 1988); 10 Charles Alan Wright et al., Federal Practice & Procedure § 2669, at 251 (3d ed. 1998).  EnergyNorth provides no argument or authority to the contrary.

EnergyNorth also claims that Rule 54(d) of the Federal Rules of Civil Procedure authorizes it to collect its expert witness fees.  This argument is foreclosed by Crawford, which held that "Rule 54(d) did not treat with witness fees in a manner explicit enough to trump the constraints imposed by other statutes, e.g., 28 U.S.C. §[] 1821 . . . ."  Denny, 880 F.2d at 1468; see also In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993); Ruiz-Rodriguez v. Colberg-Comas, 882 F.2d 15, 18 (1st Cir. 1989); Templeman v. Chris Craft Corp., 770 F.2d 245, 249-50 (1st Cir. 1985); Bosse, 646 F.2d at 695.  The cases EnergyNorth cites in support of its

view that Rule 54(d) provides for the award of expert witness fees in excess of those allowed by section 1821(b), then, were either overruled or inconsistent with Crawford or this circuit's pre-Crawford precedent.  Citing them without acknowledging these deficiencies skirts the limits of zealous advocacy.

   Accordingly, EnergyNorth's expert witness fees and expenses are limited by 28 U.S.C. § 1821.  Should EnergyNorth wish to pursue those sums, it shall include them in a bill of costs filed in accordance with Local Rule 54.1; the defendants shall be entitled to object to any particular items in accordance with the rule.  However, the parties are once again strongly encouraged to resolve this issue themselves without further court involvement.

   EnergyNorth also seeks to recover "it's [*sic*] expert's deposition preparations and deposition attendance."  EnergyNorth Br. Entitl. Costs at 6.  Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, rather than section 1821, provides for the recovery of expert fees incurred during discovery. Trepel v. Roadway Express, Inc., 266 F.3d 418, 427 (6th Cir. 2001); Haarhuis v. Kunnan Enters., Ltd., 177 F.3d 1007, 1015-16 (D.C. Cir. 1999).  And the rule "applies to both parties, not just the prevailing party." La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 333 (5th Cir. 1995).  In its brief on its entitlement to costs, EnergyNorth does not invoke Rule 26(b)(4) or provide any

10

other authority supporting its request for its expenses in producing its expert for deposition in this matter.  Furthermore, the defendants represent in their response to EnergyNorth's brief that they have not sought to collect their expenses in producing their own experts for deposition based on the parties' "tacit" agreement that each will bear its own expenses in this regard.

Should either or both sides wish to pursue a request for expert fees incurred in connection with depositions, then, a memorandum shall be filed in support of that request by June 6, 2006.  Responses, if any, shall be filed by June 13, 2006.  This issue, however, seems particularly germane to extrajudicial resolution, as the expenses chargeable to each side may well cancel each other out.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 26, 2006

cc:   John L. Altieri, Esquire
      Richard T. Apiscopa, Esquire
      Edmund J. Boutin, Esquire
      Kathyanne S. Cohen, Esquire
      Doreen F. Connor, Esquire
      Bruce W. Felmly, Esquire
      William P. Lalor, Esquire
      Lawrence A. Serlin, Esquire