UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


EnergyNorth Natural Gas, Inc.

        v.                          Civil No. 99-cv-049-JD
                                    Opinion No. 2007 DNH 032
Century Indemnity Company, et al.

O R D E R

    Century Indemnity Company moves pursuant to Federal Rules of
Civil Procedure 60(b)(5) and 60(b)(6) for relief from the court's
amended judgment entered on October 16, 2006, that added an award
of attorneys' fees and costs in the agreed-to and approved amount
of $1,013,892.06 pursuant to New Hampshire Revised Statutes
Annotated ("RSA") § 491:22-b.  In support of its present motion,
Century argues that it is liable for only half of the award of
attorneys' fees and costs because Certain Underwriters at
Lloyd's, London, and Certain London Market Insurance Companies
[Lloyd's] is liable for the other half.  EnergyNorth objects to
the motion.[1]

_____

    [1]EnergyNorth and Lloyd's filed a notice of settlement on May
18, 2006, and a stipulation of dismissal on November 14, 2006.
Since the notice of settlement, Lloyd's has not participated in
this case.

Discussion

Rule 60(b)(5), in pertinent part, allows a party to move for relief from a judgment when it has been satisfied.  Rule 60(b)(6) broadens the grounds to include "any other reason justifying relief from the operation of the judgment."  Century argues that the judgment for attorneys' fees and costs has been satisfied by EnergyNorth's settlement with Lloyd's "along with Century's payment of one-half of the amount of the judgment."[2]  Motion ¶ 1. EnergyNorth opposes the motion on the grounds that it is premature and that Century is liable for the entire fees and costs judgment so that payment of half of the amount would not satisfy the judgment.[3]

EnergyNorth contends that Century's motion for relief from judgment is premature while Century's appeal is pending in the First Circuit Court of Appeals.  On March 1, 2007, the First Circuit granted Century's motion to dismiss the appeal and

_____

[2]Century apparently tendered payment of half of the judgment amount that was not accepted by EnergyNorth.

[3]To the extent EnergyNorth argues that Century is not entitled to relief from judgment because it remains obligated to provide insurance coverage, that argument is based on a misunderstanding of Century's motion, which does not seek relief from that part of the judgment.

entered judgment accordingly.  Therefore, EnergyNorth's
prematurity argument is moot.

Century asserts that it is liable for only half of the
amount of attorneys' fees and costs based on <u>Liberty Mut. Ins.
Co. v. Home Ins. Indem. Co.</u>, 117 N.H. 269, 272 (1977), where the
court held that two insurers were each liable for half of the
award of attorneys' fees and costs.  Alternatively, Century
argues that principles of equity and fairness support its theory
of liability or that it should be permitted to make a
contribution claim against Lloyd's in this case for its half of
the award.

A.   <u>Joint and Several Liability</u>

Under New Hampshire law, which applies in this diversity
jurisdiction case, "[i]n all actions the court shall . . .
[e]nter judgment against each party liable on the basis of the
rules of joint and several liability, except that if any party
shall be less than 50 percent at fault, then that party's
liability shall be several and not joint and he shall be liable
only for the damages attributable to him."  RSA § 507:7-e, I(b).
<u>See</u> Motion ¶ 4.  Joint and several liability means that one
defendant is liable for the entire judgment, despite the
existence of others who might also be liable, and the burden of

3

recovering from others is on that defendant.  <u>DeBenedetto v. CLD</u>
<u>Consulting Eng'rs, Inc.</u>, 153 N.H. 793, 798 (2006).

Century has repeatedly asserted that Lloyd's and Century
"had equal shares of responsibility for payment of the judgment"
and that its share of liability for the fees and costs award is
half or fifty percent.  Mem. Mot. for Relief from Judgment at 6.
A fifty percent or more share of liability makes joint and
several liability the applicable rule.  In fact, despite some
suggestion to the contrary, Century has acknowledged that it is
jointly and severally liable, with Lloyd's, for the amended
judgment awarding fees and costs to EnergyNorth.[4]  Based on joint

---

[4]Century referred to its joint and several liability in its
motion for relief.  <u>See</u> ¶ 4.  In its memorandum in support of its
motion for relief from judgment, Century stated in a heading that
"as co-judgment debtors, London and Century bore equal
responsibility for payment of the judgment" and stated that the
proper apportionment of the fees and costs award was "50/50,
given that the fees and costs sought by EnergyNorth arose from
litigating issues common to both defendants."  Mem. at 5, 6.
Previously, in its reply to EnergyNorth's objection to Century's
proposed amended judgment, Century stated:  "In fact, Century
believes liability for the fees judgment would be joint and
several among the verdict defendants and has asked the Court to
issue an amended judgment reflecting that fact."  Reply, doc.
452, at 1.
Despite those statements, Century appeared to question joint
and several liability in its memorandum in support of its motion
for relief from judgment, stating that "if the Court were to
conclude for some reason that liability for the judgment is joint
and several, the final outcome for each insurer would be the
same."  Mem. at 5.  Then, in its reply, Century asserted for the
first time that it was only severally liable for the fees and

and several liability, Century would be liable to EnergyNorth for
the entire amount of the fees and costs.

B.   Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.

     Century contends that the New Hampshire Supreme Court
established in Liberty Mut. that two defendant insurers are
equally liable for an award of fees and costs under RSA 491:22-b.
In that case, the court considered the application of RSA 491:22-
b, following a declaratory judgment "that both Liberty and Home
were obligated to provide insurance coverage for one Richard
Lavigne who was involved in an automobile accident." Liberty
Mut., 117 N.H. at 270.  The court first held that the statute
applied, even though it had become effective after the
declaratory judgment action was filed.  Id. at 271.  The court
then considered whether the plaintiff would recover fees and
costs from Liberty, Home, or both insurers and concluded that
both insurers wrongfully refused coverage, triggering RSA 491:22-
b.  Id.   The court held, without further analysis or
explanation, that "[b]ecause both companies wrongfully refused

---

costs judgment.  Arguments raised for the first time in a reply
brief, however, are waived.  Wills v. Brown Univ., 184 F.3d 20,
27 (1st Cir. 1999); Untied States v. Brennan, 994 F.2d 918, 922
n.7 (1st Cir. 1993).  Further, Century has already admitted joint
liability with Lloyd's for the award of fees and costs.

coverage, each must pay one-half of Richard Lavigne's court costs and reasonable attorneys' fees." Id. at 272.

EnergyNorth asserts, without citation to authority, that RSA 491:22-b "requires the 'last defendant standing', [sic] so-to-speak, to pay the prevailing insured's fees and costs." Obj. at 5. Based on that assumption, EnergyNorth contends that Liberty Mut. is limited to circumstances where two insurers, both liable under RSA 491:22-b, continued as parties in the case through entry of judgment. Therefore, EnergyNorth argues, Liberty Mut. does not apply here because Lloyd's settled with EnergyNorth before the dispute over fees and costs was reduced to judgment, leaving only Century to satisfy the judgment.

EnergyNorth's creative interpretation of RSA 491:22-b is both unpersuasive and unnecessary.[5] Because the stipulation of dismissal was not filed until November 14, 2006, Lloyd's was a party in the case when the amended judgment that included the award of fees and costs was entered on October 16, 2006. Further, it is not clear whether or not Lloyd's remains a party

---

[5]In fact, RSA 491:22-b provides for an award of reasonable fees and costs, which may include consideration of whether certain fees can be allocated among particular parties. See Bianco, P.A. v. Home Ins. Co., 147 N.H. 249, 252 (2001) (discussing fee calculation involving severability of fees associated with multiple plaintiffs).

in this case.[6]   Therefore, based on EnergyNorth's interpretation
of <u>Liberty Mut.</u> and RSA 491:22-b, Lloyd's would be required to
pay half of the fees and costs with Century.

Joint and several liability provides the governing rule in
this case.  Although the court divided the liability for fees and
costs between the two insurers in <u>Liberty Mut.</u>, it provided no
reasoning or analysis for that decision.  No issue was presented
in that case as to whether joint and several liability would
mandate a different outcome.  In this case, joint and several
liability obligates Century to pay the entire award as a jointly
liable defendant.

---

[6]A plaintiff may voluntarily dismiss an action "by filing a
stipulation of dismissal signed by all parties who have appeared
in the action" or by order of the court.  Fed. R. Civ. P. 41(a).
The stipulation of dismissal filed by EnergyNorth in this case on
November 14, 2006, is signed by counsel for EnergyNorth and
Lloyd's but not by counsel for Century.  No order of the court
was entered dismissing Lloyd's from the case.

## C.  Equitable Principles

Century argues that equitable principles entitle it to a
fifty percent contribution from Lloyd's.[7]  In support of that
theory, Century contends that because EnergyNorth agreed to bear
its own fees and costs with respect to Lloyd's as part of their
settlement, it would be unfair for Century to be required to pay
those fees and costs as part of the judgment.  No allocation was
requested or done as to the parties' respective liability for
attorneys' fees and costs.  Century has not shown that Lloyd's
participation in the litigation added to the amount of fees and
costs over what would have been incurred by Century proceeding
alone.  In fact, Century represents that the fees and costs were
incurred in "litigating issues common to both defendants."  Mem.
at 6.  Therefore, no unfairness is apparent.


## D.  Contribution

Alternatively, Century contends that it should be allowed to
raise a contribution claim against Lloyd's to recover half of the
fees and costs.  If Lloyd's is no longer a party in this case,

---

[7]Although New Hampshire has a statutory provision for
reducing a plaintiff's verdict by the amount of any settlements
reached in the course of litigation, see RSA 507:7-h, Century
acknowledges that the statute does not apply here.

Century would have to move for leave to file a third-party complaint, raising the contribution claim, which it has not done. See Fed. R. Civ. P. 14(a); see also, e.g., Z.B. ex rel. Kilmer v. Ammonoosuc Comty. Health, 225 F.R.D. 60, 61 (D. Me. 2004).  Even if Lloyd's remains a party in this case, Century has not filed a cross claim for contribution.  In addition, New Hampshire statutes provide a procedure for contribution actions that Century failed to address.  See RSA 507:7-g.  Therefore, Century provides no basis for allocating half of the fees and costs judgment to Lloyd's based on a contribution theory.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for relief from judgment (document no. 462) is denied.  The defendant's motion for leave to file a reply (document no. 465) is granted, and the reply was considered.


SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 15, 2007

cc:  John L. Altieri, Esquire
     Edmund J. Boutin, Esquire
     Bruce W. Felmly, Esquire
     Rachel A. Hampe, Esquire
     William P. Lalor, Esquire
     Lawrence A. Serlin, Esquire