UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


EnergyNorth Natural Gas, Inc.

    v.                                          Civil No. 99-cv-49-JD
                                               Opinion No. 2007 DNH 083
Century Indemnity Company


O R D E R

Following an award of attorneys' fees and costs to EnergyNorth Natural Gas, Inc., Century Indemnity Company paid the amount of the award and has sought to have liability for the award allocated equally between it and its former co-defendant, Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies ("Lloyd's"). Century moves for contribution from Lloyd's and, alternatively, for leave to file a cross claim for contribution. Because Lloyd's reached a settlement with EnergyNorth, it is no longer participating in this case. EnergyNorth, however, opposes Century's motions.

I.  Motion for Contribution

Century moves for contribution from Lloyd's pursuant to New Hampshire Revised Statutes Annotated ("RSA") § 507:7-g(I) and New Hampshire common law. As a preliminary matter, Lloyd's status in this case is somewhat ambiguous. Although EnergyNorth and Lloyd's filed a notice of settlement on May 18, 2006, and filed a

stipulation of dismissal on November 14, 2006, Century did not sign the stipulation, as is required for a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii).  William P. Lalor is still listed as Lloyd's lead attorney to be noticed.  Nevertheless, Lloyd's has not participated in the post-stipulation motions pertaining to contribution, and instead, EnergyNorth has responded to Century's motions.  Therefore, while Lloyd's is still a party, due to the lack of Century's signature on the voluntary dismissal, EnergyNorth, apparently, is acting in Lloyd's place pursuant to their settlement agreement.

    A.   RSA 507:7-g(I)

For purposes of RSA 507:7-g(I), Century relies on its request, first raised in its motion for reconsideration of the order denying its motion for relief from judgment, that the court allocate liability for the fees and costs award equally between it and Lloyd's, pursuant to RSA 507:7-e(III).  The motion for reconsideration, however, has been denied.  In the absence of an allocation under RSA 507:7-e(III), there appears to be no basis for Century's motion for contribution under the New Hampshire statute.  See RSA 507:7-g(I).

B.  Common Law

Alternatively, Century argues that it is entitled to contribution under a common law equity theory.[1]  Century first argues that Liberty Mutual v. Home Ins. Co., 117 N.H. 269 (1977), requires an equal contribution toward the award.  Century also contends that as a co-debtor under the amended judgment, Lloyd's bears equal responsibility for the fees and costs incurred so that equity would support a contribution of half of the award.

In Liberty, where two insurers disputed their liability for fees and costs under RSA 491:22-b, the New Hampshire Supreme Court held that the statutory obligation applied to both of the insurers because the statute was in force at the conclusion of the insured's action against them and because they both wrongfully refused coverage.  117 N.H. at 272.  The court ordered each to pay half of the insured's court costs and reasonable attorneys' fees.  Id.  In making that determination, however, the court did not consider issues of joint and several liability or equitable contribution.  Therefore, Liberty holds that RSA 491:22-b obligates insurers who wrongfully refuse coverage to pay costs and fees but does not require that an award of fees will

---

[1]Although the parties have not raised it, a question might arise as to whether equitable relief is available if a statutory remedy exists.  See, e.g., Hammons v. Ehney, 924 S.W. 2d 843, 846-47 (Mo. 1996).

always be allocated evenly between defendant insurers.

The New Hampshire Supreme Court has stated that "the historic purpose of equity [is] to secure complete justice . . . . A court of equity will order to be done that which in fairness and good conscience ought to be or should have been done." Chase v. Ameriquest Mortgage Co., 921 A.2d 369, 374 (N.H. 2007). Contribution is based on a maxim that equality is equity, assuming that the parties are equally obligated to pay. See Century Indem. Co. v. Maryland Cas. Co., 89 N.H. 121, 122 (1937); see also Valley Ins. Co. v. Wellington Cheswick, LLC, 2007 WL 419321 at *4-*5 (W.D. Wash. Jan. 31, 2007); Rodehorst v. Gartner, 669 N.W. 2d 679, 684 (Neb. 2003). The obligations of two defendants who are jointly and severally liable for a post-trial award of attorneys' fees, at least in this case, does not implicate the factual complexities that may arise in determining relative tort liabilities in complex cases. Cf., e.g., Puget Sound Energy v. Certain Underwriters at Lloyd's, 138 P.3d 1068, 1079 (Wash. Ct. App. 2006); Thermos Co. v. Spence, 735 A.2d 484, 489 (Me. 1999).

In this case, Century and Lloyd's pursued their defenses through more than six years of pretrial litigation, trial, entry of judgment against them, and a dispute over the award of

attorneys' fees and costs.[2]  Only then did Lloyd's reach an agreement with EnergyNorth as part of a global settlement of many other cases.[3]  Despite the settlement agreement, Lloyd's remains a party in this case.  While there is no evidence that the litigation was exacerbated by Lloyd's participation, it now appears to be undisputed that Lloyd's shared equally with Century in pursuing their mutual defenses.  It now also appears to be undisputed that EnergyNorth and Lloyd's reached an accord as to the issue of fees and costs and that EnergyNorth is acting in Lloyd's stead for purposes of this issue.

Although Liberty does not require an equal allocation of obligation for an award of attorneys' fees under RSA 491:22-b, it provides support for such a division under equitable principles.  Lloyd's participation in all aspects of the litigation of this case as an apparently equal partner with Century also supports an equal division of responsibility for the first award of fees and costs.  In addition, the record does not suggest that contribution would upset the settlement, in as much as Lloyd's

---

[2] Seventeen insurers were named as defendants at the beginning of this case.  Over the intervening years, most reached settlements with EnergyNorth.  No contribution is sought in this case against the other settling defendants.

[3] Lloyd's continued to participate in litigating the fees and costs issue until May 18, 2006, when Lloyd's and EnergyNorth filed a notice of their settlement.

was a party in this case when the amended judgment was entered, and remains a party now.  Therefore, the circumstances of this case, taken as a whole, support granting Century's motion for equitable contribution from Lloyd's of one half of the amount of fees and costs as awarded in the amended judgment on October 16, 2006.  No contribution is sought or granted as to fees and costs incurred in pursuing the attorneys' fees and costs issue.

II.  Motion for Leave to File Cross Claim for Contribution

Alternatively, Century seeks leave to file a cross claim against Lloyd's for contribution toward the fees and costs award. Because the contribution claim is resolved in the context of Century's motion for contribution, the alternative of filing a cross claim is moot.

Conclusion

For the foregoing reasons, the defendant's motion for contribution (document no. 470) is granted to the extent that Lloyd's shall pay one half of the amount of the fees and costs, $1,013,892.06, as awarded in the amended judgment entered on October 16, 2006.  The defendant's alternative motion for leave to file a cross claim (document no. 471) is denied as moot.

   SO ORDERED.

                                    _____
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge

June 28, 2007

cc:   John L. Altieri, Esquire
      Walter J. Andrews, Esquire
      Richard T. Apiscopa, Esquire
      Michael F. Aylward, Esquire
      Charles P. Bauer, Esquire
      Edmund J. Boutin, Esquire
      Kevin E. Buchholz, Esquire
      Doreen F. Connor, Esquire
      Stephen A. Duggan, Esquire
      Bruce W. Felmly, Esquire
      John D. Frumer, Esquire
      Robert J. Gallo, Esquire
      Rachel A. Hampe, Esquire
      Paul W. Hodes, Esquire
      Ruth S. Kochenderfer, Esquire
      William P. Lalor, Esquire
      Jeffrey B. Osburn, Esquire
      Stephen H. Roberts, Esquire
      Lawrence A. Serlin, Esquire

Michael J. Balch, Esquire
Robert J. Bates, Esquire
Ann Bickford, Esquire
John A. Guarascio, Esquire
Jeffrey P. Heppard, Esquire
Jeffrey H. Karlin, Esquire
Theodore A.Keyes, Esquire
Scott E.Levens, Esquire
George W. Lindh, Esquire
John L. Putnam, Esquire